■ KAY E. JENSEN, Appellant, v ZONING BOARD OF APPEALS OF THE VILLAGE OF OLD WESTBURY, Respondent.—In a proceeding pursuant to CPLR article 78 to review a determination of the respondent Zoning Board of Appeals of the Village of Old Westbury, dated July 8, 1985, which denied the petitioner's application for an area variance, the petitioner appeals from a judgment of the Supreme Court, Nassau County (Lockman, J.), entered May 7, 1986, which dismissed the proceeding.

Ordered that the judgment is affirmed, without costs or disbursements.

By deed dated July 30, 1952, the petitioner and his former wife took title to two building lots, designated as lots Nos. 21 and 22 of section 10, block B, on the Map of Pinewood Estates, in the Village of Old Westbury, New York. At that time, each separate lot constituted a legal building parcel, available for the development of a single-family residence. Lot No. 22 had been improved with a residence, but lot No. 21 was then and remains, vacant. The petitioner and his wife resided in the house located on lot No. 22.

In December 1952 the Zoning Ordinance of the Village of Old Westbury was amended in such a way that lot No. 21 no longer constituted a parcel which, by itself would be available for the development of a single-family house. In 1964, the two adjoining lots were conveyed by the petitioner and his wife to a third party, who shortly thereafter reconveyed both lots to the petitioner Kay Erik Jensen individually. In 1980, the petitioner contracted with Donald and Catherine Clay Combs to convey only lot No. 22 to them. That lot was later conveyed to Mr. and Mrs. Combs, thus leaving the petitioner with the ownership of lot No. 21 which, as noted above, was not available for development in accordance with the zoning regulations in effect since December of 1952.

On or about January 13, 1983, the petitioner requested an area variance with respect to lot No. 21, claiming that the parcel is "unmarketable" without the requested variance. After a hearing, the respondent Zoning Board of Appeals of the Village of Old Westbury denied this application. The Zoning Board of Appeals, in a determination dated May 9, 1983, found that for the some 30 years that the petitioner had owned lots Nos. 21 and 22, those lots "were treated and used as one parcel".

The petitioner challenged the foregoing determination in a prior proceeding pursuant to CPLR article 78. In a judgment dated November 15, 1983, the court (Stark, J.), dismissed the proceeding and confirmed the determination of the Zoning Board of Appeals.

The petitioner then reapplied for the same area variance. The Zoning Board of Appeals, by determination dated July 8, 1985, again denied the petitioner's request. The petitioner then brought the instant proceeding pursuant to CPLR article 78 in which it was again claimed that the denial of his request for an area variance was arbitrary, capricious, and unconstitutional.

The court (Lockman, J.), again dismissed the proceeding, holding that the doctrine of res judicata served to bar the petitioner from the relief sought. This appeal followed. We affirm.

The principles of res judicata and collateral estoppel apply to the quasijudicial determinations of administrative agencies (see, Ryan v New York Tel. Co., 62 NY2d 494; cf., Matter of Venes v Community School Bd. of Dist. 26, 43 NY2d 520). Under traditional principles of res judicata the May 9, 1983 determination of the Zoning Board of Appeals, which was confirmed by the court, served as a complete bar to the instant proceeding in which the same relief was sought. The petitioner had a full and fair opportunity to litigate his claims in 1983, and the legal issues raised here are the same as those which governed his application in 1983.

Furthermore, the petitioner has failed to show that there occurred between 1983 and 1985 any change in a material fact which might permit the Zoning Board of Appeals to reconsider its earlier decision (cf., Manitou Sand & Gravel Co. v Town of Ogden, 55 NY2d 790, revg 81 AD2d 1019; Matter of Blanco v Blum, 67 AD2d 947, 948). It is true that, at the second hearing before the Zoning Board of Appeals, the petitioner adduced proof which tended to establish certain facts (e.g., that the

value of lot No. 21 with an area variance is $185,000, while its value without a variance is only $46,000) which were not proved at the first hearing. However, all this shows is that the petitioner had improved the quality of his proof, not that the facts themselves had changed. We find no authority for the proposition that a claim which has been litigated fully once may be relitigated again, simply in order to permit the losing party to cure a defect in this proof. Thus, the Supreme Court properly dismissed this proceeding on the basis of res judicata. Thompson, J. P., Bracken, Rubin and Eiber, JJ., concur.