■ KAY E. JENSEN, Appellant, v VILLAGE OF OLD WESTBURY, Respondent.—In an action for a judgment declaring that a provision of the Village of Old Westbury Zoning Ordinance is unconstitutional, the plaintiff appeals from (1) an order of the Supreme Court, Nassau County (Brucia, J.), dated November 18, 1988, which granted the defendant's motion to dismiss the complaint on the grounds of res judicata, and (2) an order of the same court, dated March 3, 1989, which denied his motion for reargument.

Ordered that the order dated November 18, 1988, is reversed, without costs or disbursements, and the motion is denied, and it is further,

Ordered that the appeal from the order dated March 3, 1989, is dismissed, without costs or disbursements, as no appeal lies from an order denying reargument.

The plaintiff owns an unimproved plot of land in the Village of Old Westbury. He previously made two consecutive applications for an area variance with regard to the frontage requirement under the applicable zoning ordinance. Proceedings pursuant to CPLR article 78 followed the denial of each application. Both proceedings were dismissed by the Supreme Court, the second based upon the res judicata effect of the first administrative determination. The plaintiff appealed from the second dismissal and this court affirmed *(Jensen v Zoning Bd. of Appeals,* 130 AD2d 549).

In the present action against the village, the plaintiff alleges that the zoning ordinance and its application deprived him of his property without just compensation in violation of the New York and United States Constitutions. The complaint was dismissed based upon the res judicata effect of the prior proceedings.

On appeal, the plaintiff argues that the constitutionality of the ordinance was not previously raised. Moreover, he argues that he could not properly raise the constitutionality of the ordinance in the earlier CPLR article 78 proceedings. The merit of the constitutional claim is not in issue on this appeal.

The denial or dismissal of the variance applications which were upheld by the courts do not have a res judicata effect upon the plaintiff's present constitutional challenge to the zoning ordinance *(see, Arverne Bay Constr. Co. v Thatcher,* 278 NY 222). It is clear that the constitutionality of the zoning ordinance was not and could not properly be raised in the prior proceedings pursuant to CPLR article 78 *(Matter of Overhill Bldg. Co. v Delany,* 28 NY2d 449, 457-458; *see also, Matter of Friedman v Cuomo,* 39 NY2d 81, 83; *Matter of Lakeland Water Dist. v Onondaga County Water Auth.,* 24 NY2d 400, 407; *Carino v Pilon,* 142 AD2d 996; *Matter of Axelrod v Zoning Bd. of Appeals,* 140 AD2d 437). While courts have the power to convert a proceeding pursuant to CPLR article 78 into an action for a declaratory judgment declaring the unconstitutionality of a statute (CPLR 103; *Press v County of Monroe,* 50 NY2d 695; *Matter of Axelrod v Zoning Bd. of Appeals, supra),* such an option was not available in this case because the village was not named as a party and the plaintiff did not raise that issue in the prior CPLR article 78 proceedings *(Matter of Overhill Bldg. Co. v Delany, supra,* at 458). In addition, the issue of the constitutionality of the zoning ordinance was not ripe for review until the variance application was denied *(Matter of Parkview Assocs. v City of New York,* 71 NY2d 274; *de St. Aubin v Flacke,* 68 NY2d 66). Because the constitutionality of the ordinance was not and could not properly have been raised in the prior proceedings, the plaintiff is not now barred from raising that issue.

*Matter of Kennedy v Zoning Bd. of Appeals* (145 AD2d 490) is distinguishable from the case at bar. In that case, the petitioner's constitutional claims went to the Zoning Board's finding, not the constitutionality of a zoning ordinance itself. Moreover, the court in *Matter of Kennedy v Zoning Bd. of Appeals (supra),* reviewed the constitutional claims with respect to the merits.

The plaintiff's appeal from the order dated March 3, 1988, denying his motion that the Supreme Court correctly characterized as a motion for reargument must be dismissed as no appeal lies from an order denying reargument *(see, Fluman v TSS Dept. Stores,* 100 AD2d 838). Mangano, P. J., Thompson, Bracken and Balletta, JJ., concur.