■ In the Matter of RALPH FREDDOLINO, Appellant, v VILLAGE OF WARWICK ZONING BOARD OF APPEALS et al., Respondents. [596 NYS2d 490] —Mahoney, J. Appeal (transferred to this Court by order of the Appellate Division, Second Department) from a judgment of the Supreme Court (Cowhey, J.), entered October 11, 1991 in Orange County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to review a determination of respondent Village of Warwick Zoning Board of Appeals denying petitioner's application for an area variance.

Petitioner is the owner of a one-acre parcel of land located in a "general commercial district" in the Village of Warwick, Orange County, which is improved with three commercial buildings. When the square footage of these structures (i.e., a 1,600 square-foot office building, a 2,200 square-foot motel and a 1,000 square-foot rental dwelling) is added to the square footage of the parking lot and walkways, the total development coverage is approximately 80% of the square footage of the parcel itself.

In 1989, petitioner sought to raze both the office building and the motel (3,800 square feet) and replace these structures with one 11,550 square-foot commercial building to house retail stores, thus raising the total development coverage to approximately 86.5%. While retail stores are a permitted use in a general commercial district, because a 1988 amendment to the local zoning ordinance limits the total development coverage on parcels in that district (including structures, internal roadways, walkways, parking and any macadam area) to 40% of the total square footage of the parcel, an area variance was required. While petitioner made such application (hereinafter the 1989 variance request), it was denied by respondent Village of Warwick Zoning Board of Appeals (hereinafter respondent). Petitioner's subsequent CPLR article 78 petition challenging respondent's determination on grounds that it was arbitrary and capricious was dismissed.

Four months after dismissal of his CPLR article 78 proceeding, petitioner reapplied for the same area variance, this time

submitting expert testimony regarding the condition of the buildings, cost of repair, appraisals, rental projections and other facts supportive of a finding of practical hardship (hereinafter the 1990 variance request). At the conclusion of several days of hearings respondent again denied the application, concluding that petitioner had not shown any change of facts or circumstances since the prior hearing to establish that compliance with the zoning regulations would cause him practical difficulty or preclude him from realizing a reasonable return on his investment. Petitioner then brought the instant CPLR article 78 proceeding. While he again claimed that the denial of his request was arbitrary and capricious, he also raised constitutional claims, seeking a declaration that the 40% total development coverage limit is unconstitutional on its face and as applied. In its answer respondent raised the defense of res judicata. Supreme Court found adequate support for the determination both as to its substance and the lack of changes in circumstance, rejected the as-applied constitutional challenge and refused to consider the facial challenge because it was not properly presented in a CPLR article 78 proceeding. Petitioner appeals.

In our view the entire proceeding is barred by res judicata. It is well established that the doctrine of res judicata applies to the quasi-judicial determinations of administrative agencies, including municipal zoning tribunals (see, Ryan v New York Tel. Co., 62 NY2d 494; Matter of Kennedy v Zoning Bd. of Appeals, 145 AD2d 490, 491; Jensen v Zoning Bd. of Appeals, 130 AD2d 549, 550, lv denied 70 NY2d 611; Jones v Young, 257 App Div 563, 566), as well as to orders and judgments of judicial tribunals and precludes the re-presentation of claims which previously were litigated on the merits or might have been litigated at the time (see, e.g., Matter of Hodes v Axelrod, 70 NY2d 364, 372; Schuylkill Fuel Corp. v Nieberg Realty Corp., 250 NY 304, 306-307).

A review of the record in this case reveals that the parties, property, issues, facts and relief sought in the 1989 variance request are essentially identical to those present in the 1990 variance request. Indeed, petitioner concedes as much in his brief, arguing only that the quality of proof submitted was different. However, it is beyond cavil that the commencement of a subsequent proceeding simply to cure defects in the proof and to improve the quality thereof is not a distinction which precludes the application of res judicata (cf., Jensen v Zoning Bd. of Appeals, supra). While, concededly, the constitutional claims were not raised in the prior proceeding, it is well

established that res judicata operates not only to bar those claims actually litigated but also those which share "such a measure of identity that a different judgment in the second would destroy or impair rights or interests established by the first" *(Schuylkill Fuel Corp. v Nieberg Realty Corp., supra,* at 307; *see, Matter of Reilly v Reid,* 45 NY2d 24, 28). Such is the case here. The as-applied challenge is based upon respondent's alleged selective application of the ordinance. While not specifically denominated as an equal protection violation in petitioner's original CPLR article 78 petition, a review thereof reveals that selective application/disparate standards was one of the underlying bases upon which annulment of respondent's denial of petitioner's 1989 variance request was sought and thus already has been impliedly adjudicated *(cf., Matter of Kennedy v Zoning Bd. of Appeals, supra).* As regards the facial challenge, while obviously such could not be maintained under guise of a CPLR article 78 proceeding *(see, e.g., Matter of Kovarsky v Housing & Dev. Admin.,* 31 NY2d 184, 191), inasmuch as the Village of Warwick was a named party respondent in the prior article 78 proceeding, there would have been no impediment to converting that portion of the petition into a declaratory judgment action and addressing the merits thereof in that context *(cf., Jensen v Village of Old Westbury,* 160 AD2d 768).

While petitioner thus technically was precluded from litigating the 1990 area variance request, respondent nonetheless permitted petitioner to remake his argument. Supreme Court also reconsidered and, in our view, properly reaffirmed the denial of petitioner's "new" application on the merits. While petitioner's expert testimony established that the motel and office building were in disrepair, it was also established that neither was in threat of structural failure. This, combined with petitioner's failure to submit "dollars and cents" evidence regarding what he paid for the property or the present income he derives therefrom so as to establish his inability to realize a reasonable return from it, belies any argument that respondent's determination was arbitrary or capricious. Finally, petitioner has submitted nothing but the barest, conclusory allegations which are patently insufficient to support either of his constitutional claims.*

---

* It is to be noted that even if petitioner's 1990 variance request is labeled as one for rehearing of the original application and even assuming, arguendo, that a village zoning board, like a town zoning board, has authority to entertain an application for rehearing when new facts are presented chang-

Weiss, P. J., Yesawich Jr., Levine and Crew III, JJ., concur. Ordered that the judgment is affirmed, without costs.

ing aspects of the case (compare, Village Law § 7-712, with Town Law § 267 [6]; see, Young Israel v Board of Stds. & Appeals, 39 AD2d 51, 53-54), we agree with Supreme Court that no changes in circumstance were shown here.