■ In the Matter of PHILIP WAYLONIS, JR., et al., Appellants, v JACK BAUM et al., Respondents. MARY A. JANNACE et al., Intervenors-Respondents. [723 NYS2d 55] —In a proceeding pursuant to CPLR article 78 to review a determination of the Zoning Board of Appeals of the Town of Mount Pleasant, dated March 11, 1999, which, after a hearing, denied the petitioners' application, inter alia, to consider a private right-of-way in calculating the total area of the petitioners' parcel of real property, the petitioners appeal from a judgment of the Supreme Court, Westchester County (Leavitt, J.), entered December 3, 1999, which denied the petition and dismissed the proceeding.

Ordered that the judgment is reversed, on the law, with one

bill of costs, the petition is granted, the determination is annulled, and the matter is remitted to the Zoning Board of Appeals of the Town of Mount Pleasant for further proceedings in accordance herewith.

The petitioners own a parcel of real property in the Town of Mount Pleasant. The parcel is situated on a private road known as Highclere Lane, which is within an R-20 zoning district. A minimum area of 20,000 square feet is required in order to build a one-family dwelling. Including those portions of the parcel that extend into Highclere Lane, the total area of the parcel exceeds 43,000 square feet. Excluding those portions of the parcel which extend into Highclere Lane, the parcel is less than 40,000 square feet.

Sometime in 1993, the petitioners proposed to subdivide their parcel into two lots. Because the petitioners included those portions of their parcel which extend into Highclere Lane in calculating the total lot areas, each proposed lot consisted of more than 20,000 square feet. In December 1993, the Planning Board of the Town of Mount Pleasant (hereinafter the Planning Board) referred the petitioners to the Zoning Board of Appeals of the Town of Mount Pleasant (hereinafter the ZBA) because of a question as to whether the proposed lots satisfied the requirements of the Zoning Ordinance of the Town of Mount Pleasant. As a result, the petitioners applied to the ZBA to divide the property "such that an additional building lot may be recognized upon the premises." They also requested a mean width variance, if necessary. After a hearing, the ZBA determined that the petitioners did not need a mean width variance and granted the petitioners' application.

When the petitioners applied to the Planning Board for subdivision approval, they faced considerable opposition in the community to their application. An issue was raised as to whether those portions of the petitioners' parcel which extend into Highclere Lane should be included in calculating the total area of the petitioners' parcel, and thus, whether the petitioners needed an area variance for the subdivision. The petitioners made another application to the ZBA, this time requesting, *inter alia*, that the ZBA either consider those portions of their parcel which extend into Highclere Lane in calculating the total area or grant them two area variances. One member of the ZBA recused himself from the matter, and of the four remaining members, two voted to grant the application and two voted to deny the application. The ZBA considered this to be a denial of the petitioners' application.

Thereafter, the petitioners brought the instant proceeding

pursuant to CPLR article 78, *inter alia,* to review the denial of their application by the ZBA. The Supreme Court denied the petition and dismissed the proceeding. We reverse.

We agree with the petitioners that the ZBA determination that Highclere Lane should not be considered in calculating the total area of the petitioners' parcel is barred by the doctrine of res judicata. The doctrine of res judicata bars a party from relitigating issues which were or could have been litigated in a prior action or proceeding (*see, Matter of Kennedy v Zoning Bd. of Appeals,* 145 AD2d 490, 491). It is well settled that the doctrine of res judicata applies to the quasi-judicial determinations of administrative agencies, including municipal zoning boards (*see, Jensen v Zoning Bd. of Appeals,* 130 AD2d 549, 550; *Matter of Kennedy v Zoning Bd. of Appeals, supra*).

When the petitioners made their initial application to subdivide their parcel and, if necessary, for a mean width variance, the ZBA knew that the petitioners included those portions of their parcel which extend into Highclere Lane in measuring the total lot area. Further, the ZBA was aware that the Town of Mount Pleasant Zoning Ordinance "could be interpreted to exclude the area within the street right-of-ways from the proposed lot areas." Thus, at that time, the ZBA could have challenged the petitioners' inclusion of those portions of Highclere Lane in calculating their total lot area. Having failed to do so, the ZBA could not later reject the petitioners' application that those portions of their parcel which extend into Highclere Lane be considered in calculating the total lot area (*see, Incorporated Vil. of Laurel Hollow v Nichols,* 260 AD2d 439; *Incorporated Vil. of Williston Park v Argano,* 197 AD2d 670; *Matter of Freddolino v Village of Warwick Zoning Bd. of Appeals,* 192 AD2d 839).

The record also indicates that on previous occasions the ZBA included portions of other parcels that extended into private roads in calculating lot area. Under these circumstances, it was arbitrary and capricious for the ZBA to fail to adhere to its own precedent on essentially the same facts (*see, Matter of Frisenda v Zoning Bd. of Appeals,* 215 AD2d 479, 480).

In light of our determination, we need not reach the petitioners' remaining contentions. Santucci, J. P., S. Miller, Friedmann and Goldstein, JJ., concur.