In the Matter of CHARLES TIMM. et al., Appellants, v THOMAS F. VAN BUSKIRK et al., Respondents. [793 NYS2d 520]—

In a proceeding pursuant to CPLR article 78 to review a determination of the Board of Trustees of the Incorporated Village of Bellerose dated March 10, 2003, which, after a hearing, denied the petitioners' application for a waiver of construction restrictions imposed by Bellerose Village Code § 210-48, the appeal is from a judgment of the Supreme Court, Nassau County (DeMaro, J.), dated October 27, 2003, which denied the petition and dismissed the proceeding as barred by the doctrine of res judicata.

Ordered that the judgment is affirmed, with costs.

The principles of res judicata apply to the quasi-judicial determinations of administrative agencies (*see Ryan v New York Tel. Co.,* 62 NY2d 494, 499 [1984]; *Matter of Waylonis v Baum,* 281 AD2d 636, 638 [2001]; *Jensen v Zoning Bd. of Appeals of Vil. of Old Westbury,* 130 AD2d 549, 550 [1987]), and preclude the relitigation of issues previously litigated on the merits (*see Gramatan Home Invs. Corp. v Lopez,* 46 NY2d 481, 485 [1979]). The relief sought in the petitioners' 2002 application for a waiver of construction restrictions imposed by Bellerose Village Code § 210-48 was essentially identical to the 2000 waiver request made by the petitioners' contract vendee at the time. Therefore, the February 2001 determination of the respondent Board of Trustees of the Incorporated Village of Bellerose (hereinafter the Board), denying the prior application for a waiver, served as a complete bar to the instant proceeding. The minor dimensional differences between the two proposed structures did not demonstrate the existence of changed circumstances which might have permitted the Board to reconsider its earlier determination (*see Jensen v Zoning Bd. of Appeals of Vil. of Old Westbury, supra* at 550-551; *Matter of Crandell v Wigle,* 148 AD2d 943 [1989]; *cf. Manitou Sand & Gravel Co. v Town of Ogden,* 55 NY2d 790, 792 [1981]).

Further, the fact that the prior application was not filed by the petitioners was inconsequential since they were in privity with their contract vendee. "It is fundamental that a judgment in a prior action is binding not only on the parties to that ac-

tion, but on those in privity with them" (*Sterling Doubleday Enters. v Marro,* 238 AD2d 502, 503 [1997]). Schmidt, J.P., Goldstein, Crane and Fisher, JJ., concur.