■ Town of Wallkill, Respondent, v Eric Lachmann et al., Appellants. [813 NYS2d 157]—

In an action to enjoin the defendants from operating a motor vehicle sales establishment at the subject premises, the defendants appeal from an order of the Supreme Court, Orange County (McGuirk, J.), dated October 7, 2004, which denied their motion, inter alia, for summary judgment dismissing the complaint and to vacate the preliminary injunction, and granted the plaintiff's cross motion for summary judgment.

Ordered that the order is affirmed, with costs.

The doctrines of res judicata and collateral estoppel apply to the quasi-judicial determinations of administrative agencies, including municipal zoning boards (*see Ryan v New York Tel. Co.,* 62 NY2d 494, 499 [1984]; *Matter of Waylonis v Baum,* 281 AD2d 636, 638 [2001]; *Jensen v Zoning Bd. of Appeals of Vil. of Old Westbury,* 130 AD2d 549, 550 [1987]). " '[S]uch determinations, when final, become conclusive and binding on the courts' " (*Ryan v New York Tel. Co., supra* at 499, quoting *Bernstein v Birch Wathen School,* 71 AD2d 129, 132 [1979], *affd* 51 NY2d 932 [1980]).

The defendants moved, inter alia, to vacate a preliminary injunction imposed upon them in September 2003, arguing that their use of the subject property for motor vehicle sales was a pre-existing nonconforming use under the Zoning Code of the Town of Wallkill. However, the issue of whether the business the defendants conducted on the property constituted a pre-existing nonconforming use was previously litigated and decided against the defendants in July 2000 by the Zoning Board of Appeals of the Town of Wallkill. Therefore, the defendants are barred from relitigating this issue under the principles of res judicata and collateral estoppel (*see Ryan v New York Tel. Co., supra* at 502; *Goodkind v WFS Invs. Corp.,* 192 AD2d 694 [1993]; *Jensen v Zoning Bd. of Appeals of Vil. of Old Westbury, supra*). Accordingly, the Supreme Court properly denied the defendants' motion and granted the plaintiff's cross motion for summary judgment.

The defendants' remaining contentions are without merit. Miller, J.P., Ritter, Spolzino and Dillon, JJ., concur.