[865 NE2d 840, 833 NYS2d 423]

In the Matter of PALM MANAGEMENT CORPORATION, Respondent, v ANDREW GOLDSTEIN et al., Constituting the Zoning Board of Appeals of the Village of East Hampton, et al., Appellants, et al., Respondents.

Argued February 7, 2007; decided March 27, 2007

## POINTS OF COUNSEL

*Esseks, Hefter & Angel, LLP,* Riverhead (*William W. Esseks* and *Anthony C. Pasca* of counsel), and *Pachman & Pachman, P.C.,* Commack (*Matthew E. Pachman* of counsel), for appellants. This Court should reject the Second Department's new preclusion rule and reinstate the annulled portions of the Zoning Board of Appeals' decision. (*Matter of B & G Constr. Corp. v Board of Appeals of Vil. of Amityville,* 309 NY 730; *City of Buffalo v Roadway Tr. Co.,* 303 NY 453; *Matter of Cowger v Mongin,* 87 AD2d 932; *Matter of Midas Muffler v City of Albany,* 186 AD2d 856; *Matter of Besthoff v Zoning Bd. of Appeals of Town of Clarkstown,* 34 AD2d 782; *Matter of Cortodd Homes v Misiakiewicz,* 45 AD2d 1008; *Matter of Parkview Assoc. v City of New York,* 71 NY2d 274; *Matter of Kaltenbach v Board of Stds. & Appeals,* 274 NY 34; *Matter of Timm v Van Buskirk,* 17 AD3d 686; *Matter of Lee v Zoning Bd. of Appeals of Town of Putnam Val.,* 1 AD3d 600.)

*Twomey, Latham, Shea, Kelley, Dubin & Quartararo, LLP,* Riverhead (*David M. Dubin, John F. Shea, III,* and *Jennifer A. Andaloro* of counsel), for Palm Management Corporation, respondent. The Second Department correctly held that the claims challenging the help's quarters and the patio awning were

barred by res judicata. (*Ryan v New York Tel. Co.*, 62 NY2d 494; *Capital Tel. Co. v Pattersonville Tel. Co.*, 56 NY2d 11; *Town of Wallkill v Lachmann*, 27 AD3d 724; *Matter of Waylonis v Baum*, 281 AD2d 636; *Matter of Kennedy v Zoning Bd. of Appeals of Vil. of Hastings-on-Hudson*, 145 AD2d 490; *Jensen v Zoning Bd. of Appeals of Vil. of Old Westbury*, 130 AD2d 549; *Matter of Freddolino v Village of Warwick Zoning Bd. of Appeals*, 192 AD2d 839; *O'Brien v City of Syracuse*, 54 NY2d 353; *Matter of Miller v Kozakiewicz*, 300 AD2d 399; *Smith v Russell Sage Coll.*, 54 NY2d 185.)

## OPINION OF THE COURT

SMITH, J.

Village Law § 7-712-a (5) (b) provides a 60-day time limit for appeals to a zoning board of appeals (ZBA) from a determination by a village administrative official. The issue here is whether a new determination occurs, and a new 60-day period runs, when the administrative official issues a new certificate of occupancy that is unchanged, in relevant respects, from an earlier certificate relating to the same property. We hold that in such a case there is no new determination, and therefore no new opportunity for an appeal to the ZBA.

Palm Management Corporation owns an inn in the Village of East Hampton. The inn is located in an area zoned for residences. It is undisputed that the property was used as an inn before the zoning ordinance was enacted, and that the inn is therefore a lawful nonconforming use. This case centers on two disputed features of the inn: a former barn that is used as a staff dormitory, and an awning over the patio. Two of the inn's neighbors contend, and the ZBA found, that these uses of the property are unlawful, both because they have not been shown to predate the existing zoning and because they were abandoned for a period of more than one year after the zoning was in force.

However, the Village's Division of Building Inspection authorized both uses more than a decade before the present litigation began. A building permit for the awning was issued in 1987. More important for present purposes, certificates of occupancy issued in 1989 and 1993 approved the dormitory and the awning. The 1989 certificate provides that the inn "may be occupied as a legal preexisting nonconforming . . . building occupied as a hotel with . . . a detached two-story frame building occupied as help's quarters." The 1993 certificate includes the same language, and adds a reference to a "slate patio partially

covered with an awning." No timely appeal was taken to the ZBA from the issuance of either the 1989 or the 1993 certificate.

In 1999, several of the inn's neighbors complained to the Village's Office of Code Enforcement about a number of features of the inn, including the dormitory and the awning. Replying to the neighbors in 2000, a Code Enforcement Officer declined to disturb either use, relying on the 1987 building permit and the 1993 certificate of occupancy. Two of the neighbors appealed to the ZBA, which found that the Code Enforcement Officer had made no new determination, but had merely acknowledged the existence of previous determinations. The ZBA ruled in 2001 that any challenge to those determinations was barred by "what is essentially a sixty-day statute of limitations" in Village Law § 7-712-a.

In 2003, apparently as a result of Palm Management's need to refinance the inn, a new certificate of occupancy was issued. The new certificate, as it related to the dormitory and the awning, was unchanged in substance from its predecessors, though it described both structures in more detail. Within 60 days of the public filing of the 2003 certificate, several neighbors appealed to the ZBA, which granted the appeal and annulled several portions of that certificate, including those relating to the dormitory and the awning.

Palm Management brought this CPLR article 78 proceeding to annul the ZBA's determination. Supreme Court dismissed the proceeding, but the Appellate Division modified Supreme Court's order, holding that the petition should have been granted as it related to the dormitory and the awning, on the ground that "the 2001 determination of the ZBA was entitled to res judicata effect with regard to those matters" (29 AD3d 801, 803 [2006]). We granted leave to appeal and now affirm, not on res judicata grounds, but on the ground that the issuance of the 2003 certificate, as it related to the dormitory and awning, was not a determination appealable to the ZBA under Village Law § 7-712-a (5).

Village Law § 7-712-a specifies procedures to be followed by village zoning boards of appeal. Section 7-712-a (5) (a) provides for the public filing of each "order, requirement, decision, interpretation or determination of the administrative official charged with the enforcement of the zoning local law," and section 7-712-a (5) (b) provides that any appeal to the ZBA from such a

ruling "shall be taken within sixty days" of its filing. Here, the ZBA treated the neighbors' appeal as timely because it was taken within 60 days of the filing of the 2003 certificate of occupancy. This was no doubt correct as to those parts of the neighbors' appeal—no longer in issue—that challenged uses that had not been authorized by a certificate of occupancy before 2003. But the mere repetition, in words or substance, of an authorization contained in the old certificate of occupancy should not be treated as a newly appealable "order, requirement, decision, interpretation or determination." The village official who issued the new certificate of occupancy in 2003 did not decide or determine anything about the dormitory or the awning, except that they had already been approved years before.

Any other result would be unfair. The obvious purpose of the 60-day limitation in Village Law § 7-712-a is to provide repose for property owners and those who might buy or lend money on the property; they should be able to rely on the fact that the time to appeal from the issuance of a certificate of occupancy has run. We do not decide that the existence of a certificate of occupancy to which no timely challenge was made will always render the uses described in that certificate immune from challenge. We need not now consider when that is and is not true. But the mere issuance of a new, substantially identical, certificate should not permit a new challenge to an owner's use of its property when, as the parties here do not dispute, no such challenge was permissible before the new certificate was issued.

Accordingly, the order of the Appellate Division should be affirmed, with costs.

Chief Judge KAYE and Judges CIPARICK, GRAFFEO, READ and PIGOTT concur; Judge JONES taking no part.

Order affirmed, with costs.