■ In the Matter of PAMELA CALAPAI, Respondent, v ZONING BOARD OF APPEALS OF VILLAGE OF BABYLON, Appellant. [871 NYS2d 288]—

In 2000 the petitioner requested approval from the Zoning Board of Appeals of the Village of Babylon (hereinafter the ZBA) for a variance to allow her to convert her one-car garage into a bedroom and bathroom to accommodate the special needs of her severely-disabled, paraplegic son. On October 18, 2000 the ZBA granted the application, upon the condition that, inter alia, the petitioner restore the property to its original use as a garage should any change in circumstances occur.

The petitioner converted the garage to living quarters, spending a sum in excess of than $80,000, financed by a loan secured by the property, and met the requirements set by the ZBA with regard to the alteration. In September 2006 following the death of her son at 18 years of age, the petitioner applied to the ZBA to remove the conditions imposed upon the original variance and allow her to retain the property as renovated.

The ZBA granted the petitioner's application to the extent of permitting her to maintain the conversion for one year, after which she was to restore the property to its former condition. The petitioner then reapplied to delete that condition, and her reapplication was heard at a public hearing on February 28, 2007.

On April 18, 2007 the ZBA voted to amend the restrictions to allow the petitioner to maintain her garage as living space for an additional period of three years and required her to reapply for a continuation of the approval every three years hence. The ZBA further determined that, if she were to sell the property, she would be obligated to restore it to its former configuration.

The petitioner then commenced this CPLR article 78 proceeding to annul the determination and thus vacate the conditions

that were imposed. Prior to answering, the ZBA moved to dismiss the petition based on objections in point of law, alleging that the petitioner was not aggrieved by the determination and, in effect, that the proceeding was barred by res judicata.

The doctrine of res judicata applies to quasi-judicial determinations of administrative agencies, including municipal zoning tribunals, and precludes relitigation of claims which previously were litigated on the merits or might have been so litigated at the time (*see Matter of Freddolino v Village of Warwick Zoning Bd. of Appeals,* 192 AD2d 839 [1993]; *Matter of Palm Mgt. Corp. v Goldstein,* 29 AD3d 801 [2006]; *Town of Wallkill v Lachmann,* 27 AD3d 724 [2006]).

The issues raised on the variance application that is the subject of this appeal were raised in the petitioner's initial 2000 application to make alterations to her garage, and the change in circumstances that occurred, to wit, the death of the petitioner's son, cannot be viewed as unanticipated. Consequently, that branch of ZBA's motion which was to dismiss the petition on the ground of, in effect, the doctrine of res judicata should have been granted (*see Matter of Palm Mgt. Corp. v Goldstein,* 29 AD3d 801, 803-804 [2006]; *Matter of Waylonis v Baum,* 281 AD2d 636, 638 [2001]), and the determination dated April 24, 2007, requiring the petitioner to reapply for the extension of the variance three years from that date, should not have been annulled.

In light of our determination, the ZBA's remaining contention has been rendered academic. Lifson, J.P., Santucci, Balkin and Belen, JJ., concur.