JAMES PAROLISI, Respondent-Appellant, et al., Plaintiffs, v JANET SLAVIN, Appellant-Respondent. [950 NYS2d 140]—

Motion by the appellant-respondent to reargue stated portions of an appeal and a cross appeal from an order of the Supreme Court, Nassau County, dated September 28, 2011, which were determined by a decision and order of this Court dated April 10, 2012. Separate motion by the respondent-appellant for leave to reargue stated portions of the cross appeal and the appeal, or, in the alternative, for leave to appeal to the Court of Appeals from the decision and order of this Court, and cross motion by the appellant-respondent for the imposition of sanctions upon the respondent-appellant.

Upon the papers filed in support of the motions and the cross motion, and the papers filed in opposition thereto, it is

Ordered that the motion of the respondent-appellant and the cross motion of the appellant-respondent are denied; and it is further,

Ordered that the motion of the appellant-respondent is granted and, upon reargument, the decision and order of this Court dated April 10, 2012 (*Parolisi v Slavin*, 94 AD3d 840 [2012]), is recalled and vacated, and the following decision and order is substituted therefor:

In an action for injunctive relief, the defendant appeals, as limited by her brief, from so much of an order of the Supreme Court, Nassau County (Galasso, J.), dated September 28, 2011, as granted the motion of the plaintiff James Parolisi for a preliminary injunction enjoining the defendant from moving structures, equipment, materials and other items through the air space above his real property and above the ingress and egress easement across his real property, and the plaintiff James Parolisi cross-appeals from so much of the same order as fixed an undertaking pursuant to CPLR 6312 (b) in the sum of $750,000.

Ordered that the order is reversed insofar as appealed from, on the law, and the motion of the plaintiff James Parolisi for a preliminary injunction is denied; and it is further,

Ordered that the order is affirmed insofar as cross-appealed from; and it is further,

Ordered that one bill of costs is awarded to the defendant.

In 2009 the defendant requested approval from the Zoning Board of Appeals of the City of Long Beach (hereinafter the ZBA) for variances which would permit her to reconstruct the first floor of her beachfront bungalow and construct a second-story addition. After a hearing, and upon review of submissions from those opposed to the project, the ZBA granted the variances. Thereafter, the owners of the two separate parcels of real property adjacent to the defendant's parcel commenced a hybrid CPLR article 78 proceeding and declaratory judgment action, contending that the ZBA's determination was arbitrary and capricious, and, alternatively, seeking a declaration that the structure, as proposed, would interfere with their use of a common easement for ingress and egress. The Supreme Court granted the petition, annulled the ZBA's determination as arbitrary and capricious, denied the defendant's application for variances, and dismissed the declaratory judgment action as academic. On the separate appeals by the City of Long Beach and the defendant, this Court reversed, concluding that the ZBA's determination was rational and supported by the record, and that the structure, as proposed, would not interfere with the adjacent landowners' use of the common easement for ingress and egress (*see Matter of Goldberg v Zoning Bd. of Appeals of City of Long Beach*, 79 AD3d 874 [2010]).

Thereafter, the owners of one of the adjacent parcels sold that parcel to the plaintiff James Parolisi (hereinafter the plaintiff). Shortly after construction began on the defendant's property, the plaintiff commenced this action for permanent injunctive relief enjoining the defendant from moving structures, equipment, materials and other items through the air space over his property and above the ingress and egress easement across his property. The new owners of the other adjacent property, James Margiotta and Nicole Margiotta, commenced a similar action against the defendant, which was consolidated with the instant action, but they later settled their claims against the defendant. After a hearing, the Supreme Court granted the plaintiff's motion for a preliminary injunction, rejecting the defendant's argument that this action is barred by the doctrine of res judicata, and set an undertaking in the sum of $750,000.

Under New York's transactional approach to the doctrine of res judicata, "once a claim is brought to a final conclusion, all other claims arising out of the same transaction or series of transactions are barred, even if based upon different theories or if seeking a different remedy" (*O'Brien v City of Syracuse*, 54 NY2d 353, 357 [1981]; *see Matter of Calapai v Zoning Bd. of Ap-*

peals of Vil. of Babylon, 57 AD3d 987, 989 [2008]; Matter of Palm Mgt. Corp. v Goldstein, 29 AD3d 801, 804 [2006], affd on other grounds 8 NY3d 337 [2007]; Town of Wallkill v Lachmann, 27 AD3d 724, 725 [2006]). The doctrine not only applies to the parties of record in the prior action, but also to those in privity with them (see Watts v Swiss Bank Corp., 27 NY2d 270, 277 [1970]; Djoganopoulos v Polkes, 67 AD3d 726, 727 [2009]; Matter of State of New York v Seaport Manor A.C.F., 19 AD3d 609, 610 [2005]; Bay Shore Family Partners v Foundation of Jewish Philanthropies of Jewish Fedn. of Greater Fort Lauderdale, 270 AD2d 374, 375 [2000]). Here, the causes of action asserted by the plaintiff are barred by the doctrine of res judicata, as he is in privity with the prior owners, who could have asserted these causes of action in the prior action (see Union St. Tower, LLC v Richmond, 84 AD3d 784, 786 [2011]; Jennings v City of Glens Falls Indus. Dev. Agency, 9 AD3d 773, 774 [2004]). Since the plaintiff's causes of action are barred by the doctrine of res judicata, the plaintiff failed to demonstrate a likelihood of success on the merits, and, accordingly, his motion for a preliminary injunction should have been denied (see Blinds & Carpet Gallery, Inc. v E.E.M. Realty, Inc., 82 AD3d 691, 692 [2011]; Shasho v Pruco Life Ins. Co. of N.J., 67 AD3d 663, 665 [2009]; Tatum v Newell Funding, LLC, 63 AD3d 911, 912 [2009]).

Contrary to the plaintiff's contention on his cross appeal, the Supreme Court providently exercised its discretion in directing him to post an undertaking pursuant to CPLR 6312 (b) in the sum of $750,000, as this amount was rationally related to the amount of potential damages which the defendant established that she might sustain by virtue of the preliminary injunction if it were later determined that the plaintiff was not entitled to the preliminary injunction (see 91-54 Gold Rd., LLC v Cross-Deegan Realty Corp., 93 AD3d 649, 650 [2012]; 84-85 Gardens Owners Corp. v 84-12 35th Ave. Apt. Corp., 91 AD3d 702, 703 [2012]; Ujueta v Euro-Quest Corp., 29 AD3d 895, 896 [2006]).

In light of our determination, we need not reach the defendant's remaining contentions. Angiolillo, J.P., Belen, Lott and Miller, JJ., concur.