United Pub. Serv. Employees Union v Board of Educ. of the Westbury Union Free Sch. Dist. (2018 NY Slip Op 05350)





United Pub. Serv. Employees Union v Board of Educ. of the Westbury Union Free Sch. Dist.


2018 NY Slip Op 05350


Decided on July 18, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on July 18, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ALAN D. SCHEINKMAN, P.J.
RUTH C. BALKIN
LEONARD B. AUSTIN
SYLVIA O. HINDS-RADIX, JJ.


2016-04427
 (Index No. 601200/13)

[*1]United Public Service Employees Union, appellant,
v
Board of Education of the Westbury Union Free School District, respondent.


Rothman Rocco LaRuffa, LLP, Elmsford, NY (Eric J. LaRuffa of counsel), for appellant.
Jaspan Schlesinger, LLP, Garden City, NY (Jessica M. Baquet and Lawrence J. Tenenbaum of counsel), for respondent.



DECISION & ORDER
In an action, inter alia, to recover damages for breach of contract, the plaintiff appeals from an order of the Supreme Court, Nassau County (Robert A. Bruno, J.), dated March 15, 2016. The order, insofar as appealed from, granted the defendant's motion for summary judgment dismissing the complaint.
ORDERED that the order is affirmed insofar as appealed from, with costs.
The United Public Service Employees Union (hereinafter the Union) represents custodial employees of the defendant, Board of Education of the Westbury Union Free School District (hereinafter the Board). In 2012, two of the employees represented by the union, Kevin Hannon and Carlos Brugueras, who worked as "maintainers," were laid off due to budget cuts. They were the two most junior maintainers, but not the two most junior employees in the custodial unit. The Union filed a grievance on their behalf, arguing that the two most junior employees in the entire custodial unit, rather than the two most junior maintainers, should have been laid off. While that grievance was pending, Hannon and Brugueras were rehired as "cleaners" with a substantial loss of pay. On December 24, 2012, Brugueras was discharged from his job for unrelated misconduct.
On January 29, 2013, an arbitrator, in an advisory arbitration, found that the layoffs of Hannon and Brugueras violated the collective bargaining agreement. By resolution dated March 21, 2013, the Board rejected that recommendation. In June 2013, the Union commenced a [*2]proceeding pursuant to CPLR article 78 challenging the resolution dated March 21, 2013, and sought the reinstatement of Hannon and Brugueras as maintainers.
Meanwhile, in May 2013, the Union commenced this action, inter alia, to recover damages for breach of the collective bargaining agreement, and to restore "the Senior Employees to their employment with the Defendant at their pre-layoff rates of pay and levels of seniority." The termination of Brugueras's employment on December 24, 2012, was not mentioned in the complaint. The instant action was stayed pending resolution of the CPLR article 78 proceeding.
In the proceeding pursuant to CPLR article 78, the Supreme Court ruled in favor of the employees, and they were awarded backpay. Hannon was reinstated, but Brugueras was not because of his subsequent discharge from employment for cause on December 24, 2012. The judgment awarded Brugueras backpay as a maintainer from the date of his layoff as a maintainer until his discharge from employment on December 24, 2012. This court affirmed that judgment (see Matter of Hannon v Westbury Union Free Sch. Dist. Bd. of Educ., 131 AD3d 697).
Thereafter, the Board moved to lift the stay of this action and for summary judgment dismissing the action, arguing that the plaintiff's breach of contract cause of action was barred by the doctrine of res judicata, as the matter was litigated in the proceeding pursuant to CPLR article 78. The Union opposed on the grounds that Brugueras was not reinstated and the proceeding pursuant to CPLR article 78 did not deal with the termination of his employment. In the order appealed from, the Supreme Court granted the Board's motion on the grounds that the Union's causes of action had been resolved in the CPLR article 78 proceeding, and the subsequent firing of Brugueras was not before the court. The Union appeals.
The doctrine of res judicata bars the litigation of a claim if, in a former litigation between the parties, or those in privity with them, in which there was a final conclusion, the subject matter and the causes of action are identical or substantially identical (see O'Connell v Corcoran, 1 NY3d 179, 184-185). "Typically, principles of res judicata require that once a claim is brought to a final conclusion, all other claims arising out of the same transaction or series of transactions are barred, even if based upon different theories or if seeking a different remedy'" (Xiao Yang Chen v Fischer, 6 NY3d 94, 100, quoting O'Brien v City of Syracuse, 54 NY2d 353, 357; see Burgos v New York Presbyt. Hosp., 155 AD3d 598; Parolisi v Slavin, 98 AD3d 488, 489). The Union's causes of action to recover damages for breach of the collective bargaining agreement based upon the layoffs of the maintainers was resolved in the proceeding pursuant to CPLR article 78 and should not be relitigated here. While the judgment in the CPLR article 78 proceeding did not address the merits of the termination of Burgueras's employment on December 24, 2012, that issue was not raised in the complaint in this action, and therefore, as noted by the Supreme Court, was not properly before the court.
Accordingly, we agree with the Supreme Court's determination granting the Board's motion for summary judgment dismissing the complaint.
SCHEINKMAN, P.J., BALKIN, AUSTIN and HINDS-RADIX, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court