Matter of Voutsinas v Schenone (2018 NY Slip Op 07439)





Matter of Voutsinas v Schenone


2018 NY Slip Op 07439


Decided on November 7, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on November 7, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

JOHN M. LEVENTHAL, J.P.
CHERYL E. CHAMBERS
SANDRA L. SGROI
FRANCESCA E. CONNOLLY, JJ.


2016-00903
2016-05120
 (Index No. 11198/14)

[*1]In the Matter of George Voutsinas, et al., appellants,
v
J. Robert Schenone, etc., et al., respondents.


Berkman, Henoch, Peterson, Peddy & Fenchel, P.C., Garden City, NY (Peter Sullivan of counsel), for appellants.
Cullen and Dykman LLP, Garden City, NY (Thomas B. Wassel of counsel), for respondents J. Robert Schenone, Raymond D. Ventura, Mel Friedman, Salvatore Romanello, Joseph Kelly, and the Zoning Board of Appeals of the Village of Rockville Centre.
Meyer, Suozzi, English & Klein, P.C., Garden City, NY (A. Thomas Levin, Brian M. Sher, and Cara A. O'Sullivan of counsel), for respondents the Building Department of the Village of Rockville Centre, Daniel V. Casella, Francis X. Murray, Nancy Howard, Edward J. Oppenheimer, Michael Sepe, Emilio F. Grillo, and the Board of Trustees of the Village of Rockville Centre.



DECISION & ORDER
In a hybrid proceeding pursuant to CPLR article 78 to review a determination of the Zoning Board of Appeals of the Village of Rockville Centre dated November 21, 2014, denying the application of the petitioners/plaintiffs for a parking variance, and action, inter alia, for declaratory relief, the petitioners/plaintiffs appeal from (1) stated portions of an order and judgment (one paper) of the Supreme Court, Nassau County (Antonio I. Brandveen, J.), dated November 30, 2015, and (2) an order of the same court dated April 18, 2016. The order and judgment, inter alia, denied a second amended petition and, in effect, dismissed the proceeding. The order, insofar as appealed from, upon reargument, adhered to the determination in the judgment.
ORDERED that the order and judgment is affirmed insofar as appealed from; and it is further,
ORDERED that the order is affirmed insofar as appealed from; and it is further,
ORDERED that one bill of costs is awarded to the respondents appearing separately and filing separate briefs.
The petitioner/plaintiff Sedana Realty, LLC, was the owner and the petitioner/plaintiff George Voutsinas was the lessee of real property located at 273 Sunrise Highway in the Village of Rockville Centre (hereinafter the subject property). In 2013, the petitioners/plaintiffs applied for building permits to construct a two-story restaurant on the subject property by altering an existing [*2]one-story structure and building a second floor. The application was denied on the ground, among others, that the proposed construction did not provide the off-street parking spaces required by the Village's Zoning Code (hereinafter the Zoning Code). The petitioners/plaintiffs appealed the denial to the Zoning Board of Appeals of the Village of Rockville Centre (hereinafter the Zoning Board), and sought a variance from the off-street parking requirements of the Zoning Code. On March 12, 2014, the Zoning Board only granted the petitioners/plaintiffs building permits to construct a one-story restaurant on the subject property and a parking variance for the off-street parking space requirements for a restaurant of that size. The Zoning Board denied the application to the extent that it sought approval for a two-story structure, explaining in its March 12, 2014, determination that nearby municipal parking lots could not support the parking burden caused by the addition of a second floor, and that a parking variance for a two-story restaurant would further exacerbate problems caused by traffic congestion and insufficient parking in that area of Rockville Centre.
The petitioners/plaintiffs filed a second application for building permits to construct a two-story restaurant on the subject property. As part of this second application, the petitioners/plaintiffs proposed to provide valet parking, using two nearby properties (hereinafter together the Maple Avenue properties), to satisfy the off-street parking requirements. This second application was also denied. The petitioners/plaintiffs appealed the denial of this second application to the Zoning Board, and sought, inter alia, an area variance from the off-street parking requirements of the Zoning Code based upon their proposal to provide valet parking using the Maple Avenue properties. On November 21, 2014, the Zoning Board determined that covenants and restrictions on the Maple Avenue properties prevented the petitioners/plaintiffs from using them to provide valet parking. The Zoning Board also determined that, absent the valet parking proposal, this second application was "not materially different" from the petitioners/plaintiffs' first application for a parking variance, and that it was bound by its March 12, 2014, determination on this issue.
Thereafter, the petitioners/plaintiffs commenced this hybrid proceeding pursuant to CPLR article 78 and action, inter alia, for declaratory relief against the Zoning Board, among others. The petitioners/plaintiffs moved, among other things, for leave to pursue discovery in the CPLR article 78 proceeding, to disqualify the Zoning Board's counsel from representing the Zoning Board, and pursuant to CPLR 7804(e) to compel the Zoning Board to file certain transcripts. By order and judgment dated November 30, 2015, the Supreme Court, inter alia, denied those branches of the petitioners/plaintiffs' motions, denied the second amended petition and, in effect, dismissed the proceeding. The petitioners/plaintiffs moved for leave to reargue. By order dated April 18, 2016, the court, inter alia, granted leave to reargue, and thereupon adhered to its original determination. The petitioners/plaintiffs appeal.
Judicial review of a determination by a zoning board is generally limited to reviewing whether the action taken by the zoning board was illegal, arbitrary and capricious, or an abuse of discretion (see CPLR 7803[3]; Matter of Sasso v Osgood, 86 NY2d 374, 384). "A determination is arbitrary if it is made without sound basis in reason and . . . without regard to the facts'" (Matter of Trump on the Ocean, LLC v Cortes-Vasquez, 76 AD3d 1080, 1083, quoting Matter of Pell v Board of Educ. of Union Free School Dist. No. 1 of Towns of Scarsdale & Mamaroneck, Westchester County, 34 NY2d 222, 231).
"[T]he principles of res judicata and collateral estoppel apply to quasi-judicial determinations of administrative agencies, such as zoning boards, and preclude the relitigation of issues previously litigated on the merits" (Matter of Palm Mgt. Corp. v Goldstein, 29 AD3d 801, 804, affd 8 NY3d 337; see Matter of Josey v Goord, 9 NY3d 386; Matter of Calapai v Zoning Bd. of Appeals of Vil. of Babylon, 57 AD3d 987, 989; see also Matter of Hunter, 4 NY3d 260, 269). Here, upon finding that the valet parking proposal in the second application was barred by the covenants and restrictions on the Maple Avenue properties, the Zoning Board properly concluded that it was bound by its March 12, 2014, determination. In its March 12, 2014, determination, the Zoning Board determined that the addition of a second floor created an undue parking burden in an already congested area of Rockville Centre, and denied the parking variance necessary to construct the second floor. These were final determinations on the merits of those issues (see Matter of Palm Mgt. Corp. v Goldstein, 29 AD3d 801, affd 8 NY3d 337). Contrary to the contention of the [*3]petitioners/plaintiffs, the revisions to the building plans submitted in support of their second application for a parking variance did not change the parking considerations attendant to each application.
The petitioners/plaintiffs' challenge to the Zoning Board's application of Local Law No. 4-2005 of the Village of Rockville Centre and to the constitutional validity of Local Law No. 4-2005 insofar as it amended Zoning Code § 340-89 may not be reviewed in this hybrid proceeding and action. "Judicial review of an administrative determination is limited to the grounds invoked by the agency in making its decision" (Matter of Filipowski v Zoning Bd. of Appeals of Vil. of Greenwood Lake, 77 AD3d 831, 832; see Matter of Scherbyn v Wayne-Finger Lakes Bd. of Coop. Educ. Servs., 77 NY2d 753; Matter of Kinderhook Equities v Simonsmeier, 267 AD2d 547). Here, the November 21, 2014, determination denied the petitioners/plaintiffs' application for a parking variance on the ground that, absent available valet parking, the Zoning Board was bound by its March 12, 2014, determination. The Zoning Board did not make a determination regarding the application of Local Law No. 4-2005. To the extent that the petitioners/plaintiffs, in effect, seek judicial review of the March 12, 2014, determination denying their first application for a parking variance, review of that determination is time-barred (see CPLR 217[1]; Village Law § 7-712-c[1]). Accordingly, we agree with the Supreme Court's determination denying the second amended petition and, in effect, dismissing the proceeding.
We agree with the Supreme Court's denial of that branch of the petitioners/plaintiffs' motion which was for leave to pursue discovery in the proceeding pursuant to CPLR article 78. The petitioners/plaintiffs failed to demonstrate that the discovery sought was material and necessary, and that the requested discovery would not unduly delay the proceeding (see Matter of Suit-Kote Corp. v Rivera, 137 AD3d 1361, 1364-1365; Matter of Bramble v New York City Dept. of Educ., 125 AD3d 856, 857).
We also agree with the Supreme Court's denial of that branch of the petitioners/plaintiffs' motion which was to disqualify the law firm of Cullen & Dykman, LLP, from representing the Zoning Board. "In order to disqualify counsel on the ground that he or she may be called as a witness, a party moving for disqualification must demonstrate that (1) the testimony of the opposing party's counsel is necessary to his or her case, and (2) such testimony would be prejudicial to the opposing party" (Lombardi v Lombardi, 164 AD3d 665, 667; see S & S Hotel Ventures Ltd. Partnership v 777 S. H. Corp., 69 NY2d 437, 445-446). Here, the petitioners/plaintiffs failed to demonstrate that testimony of the firm's members would be necessary to their case (see S & S Hotel Ventures Ltd. Partnership v 777 S. H. Corp., 69 NY2d at 445-446; Matter of Lombardi v Lombardi, 164 AD3d 665).
We agree with the Supreme Court's denial of the petitioners/plaintiffs' motion pursuant to CPLR 7804(e) to compel the Zoning Board to submit the transcript of proceedings which were held before the Zoning Board on January 8, 2014, January 22, 2014, and February 12, 2014, in connection with the petitioners/plaintiffs' appeal from the denial of their first application. CPLR 7804(e) requires that a respondent administrative body file with its answer "a certified transcript of the record of the proceedings under consideration." Here, the proceedings under consideration are those which were held in connection with the Zoning Board's November 21, 2014, determination, not its March 12, 2014, determination.
The petitioners/plaintiffs' remaining contentions either are without merit or need not be reached in light of our determination.
LEVENTHAL, J.P., CHAMBERS, SGROI and CONNOLLY, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court