■ In the Matter of ABBEY ISLAND PARK, INC., Appellant, v BOARD OF ZONING APPEALS OF THE TOWN OF HEMPSTEAD, Respondent, and CARMEN DE LA ROSA et al., Intervenors-Respondents.—In a proceeding pursuant to CPLR article 78 to review a determination of the Board of Zoning Appeals of the Town of Hempstead (hereinafter the Board), dated October 3, 1985, which denied the petitioner's application, *inter alia,* for a special permit and a variance to operate an existing set of buildings as a hotel, the petitioner appeals from a judgment of the Supreme Court, Nassau County (Murphy, J.), entered July 15, 1986, which dismissed the proceeding on the merits.

Ordered that the judgment is affirmed, with one bill of costs payable to the respondent-respondent and intervenors-respondents appearing separately and filing separate briefs.

The petitioner owns and operates a proprietary home for adults in the Village of Island Park in the Town of Hempstead, Nassau County. The instant proceeding involves the Board's denial of the petitioner's applications to convert this home into a "limited service" hotel, featuring moderately priced rooms without frills such as a swimming pool or fancy restaurant. The applications also sought permission to use nearby land as parking facilities for the hotel's guests.

The land in question and existing buildings straddle two separate zones. A majority of the property is located in a business zone, wherein hotels are a permitted use with a special permit. However, part of the property is located in a "B Residence" district, where hotels are not permitted and a variance is required. The petitioner argues that the Board's previous granting of a use variance to allow the proprietary home for adults to extend into the residential zone obviates the need to obtain a new variance for the hotel. This is without merit. A variance constitutes only limited permission to use a given parcel of property for a specific nonconforming use, and does not constitute a zoning amendment reclassifying

the subject parcel (see, 6 Rohan, Zoning and Land Use Controls § 43.01 [2] [b], at 43-9, n 33).

To be entitled to a variance, the owner must demonstrate "unnecessary hardship", meaning the owner cannot obtain a reasonable rate of return from the property unless the variance is granted (see, Matter of Otto v Steinhilber, 282 NY 71, 76, rearg denied 282 NY 681; Matter of Crossroads Recreation v Broz, 4 NY2d 39, 44). The record discloses that the current use is yielding a reasonable return; hence, the petitioner will suffer no hardship if that use continues. The fact that the business portion of the parcel could realize a higher rate of return if the Board granted a variance for the residential portion and thereby enabled the conversion to a hotel to proceed does not change this result. The petitioner's predecessors were familiar with these zones when they placed the structures so that they extended into the residential zone, and the petitioner cannot now rely on any hardship thereby created (see, Matter of Romanelli v Bonvouloir, 102 AD2d 872; Matter of Frishman v Schmidt, 96 AD2d 1043, affd 61 NY2d 823; cf., 2 Anderson, New York Zoning Law and Practice § 23.30 [3d ed]). The Board's decision to deny the variance was therefore supported by the evidence and was not arbitrary.

We observe that the petitioner previously applied for a variance and special exception permit for a similar hotel proposal in 1982. That application was also denied and a proceeding pursuant to CPLR article 78 also dismissed. Although the Board decided to consider the instant application de novo, the instant proposed hotel is substantially the same as the previous one and the petitioner's claims of significant differences are highly exaggerated.

While a zoning board's discretion to deny a special permit is considerably more limited than its discretion with regard to a variance (see, e.g., Matter of North Shore Steak House v Board of Appeals, 30 NY2d 238; Matter of Old Ct. Intl. v Gulotta, 123 AD2d 634), under the circumstances of the record here and in light of the denial of a variance to allow the use of a hotel to extend into a residential district, the Board's decision to deny the special permit for a hotel in the remainder of the parcel was rationally based and not arbitrary. For similar reasons the denial of the petitioner's applications to use portions of the properties for parking should not be disturbed (see, Matter of Tandem Holding Corp. v Board of Zoning Appeals, 43 NY2d 801). Niehoff, J. P., Weinstein, Rubin and Kooper, JJ., concur.