■ In the Matter of ANGEL PLANTS, INC., Respondent, v

MICHAEL P. SCHOENFELD et al., Constituting the Zoning Board of Appeals of the Town of Huntington, Appellants.—In a proceeding pursuant to CPLR article 78 to review a determination of the Zoning Board of Appeals of the Town of Huntington, dated July 2, 1987, which denied the petitioner's appeal from the denial of a building permit by the Department of Engineering, Building and Housing of the Town of Huntington, the appeal is from an order of the Supreme Court, Suffolk County (Brown, J.), entered March 18, 1988, which granted the petition, annulled the appellant's determination, and remitted the matter to it for reconsideration.

Ordered that on the court's own motion, the appellant's notice of appeal is treated as an application for leave to appeal, that application is referred to Justice Bracken, and leave to appeal is granted by Justice Bracken (CPLR 5701 [b] [1]); and is further,

Ordered that the order is affirmed, without costs or disbursements.

There was no rational basis for the Zoning Board of Appeals of the Town of Huntington to treat the petitioner's appeal from the denial of a building permit as an application for a use variance. In 1981, the petitioner obtained a use variance for the construction and operation of its wholesale nursery facility in a residentially zoned district. In granting the use variance, the appellant had noted that the "proposed use is in keeping with the character of the community and will have no adverse impact on neighboring property values". In 1987, the petitioner sought to extend its existing facility but was denied a building permit. The appellant treated the petitioner's appeal from the denial of the building permit as an application for a use variance and denied the application, concluding that it was "completely devoid of facts necessary for a Zoning Board to make the required findings to justify a use variance [and that it would] adversely affect residential property values in the area".

It is well settled that a use variance is necessary to expand a business conducted as a prior nonconforming use (see, Matter of Upper Delaware Ave. Assn. v Fritts, 124 AD2d 273; Matter of Crossroads Recreation v Broz, 4 NY2d 39). However, under the Huntington Town Code which defines a nonconforming use as a use in existence at the time of the enactment of that code, the petitioner's use is not nonconforming (see, Huntington Town Code § 198-2). " 'It should be noted that a building constructed under a variance is not a nonconforming

use within the meaning of ordinances limiting nonconforming buildings and uses. Hence, a building which does not conform to the use restrictions of the area in which it is located, but which was constructed pursuant to a variance, may be altered without regard to limitations on the alteration of nonconforming buildings' (1 Anderson, New York Zoning Law and Practice, 2d ed, § 6.37, p 233, n 2" *(Matter of James v Town of New Hartford,* 49 AD2d 247, 250).

Under this authority, the appellant applied an incorrect standard in finding that it was necessary for the petitioner to apply for a further use variance in order to expand its business premises which already had the benefit of a use variance. Accordingly, the Supreme Court did not err in annulling that determination. We note that the petitioner requires no further use variance and the appellant's jurisdiction is limited to the area variances, if any, sought by the petitioner. Mangano, J. P., Bracken, Kunzeman and Harwood, JJ., concur.