■ SCOTTO BROS. RESTAURANT, WESTBURY, INC., et al., Respondents, v VILLAGE OF WESTBURY et al., Appellants.—In an action for a judgment declaring, *inter alia,* that the plaintiffs are not required to obtain a variance for off-street parking, the defendants appeal from a judgment of the Supreme Court, Nassau County (Robbins, J.), dated March 1, 1989, which, after a nonjury trial, declared, *inter alia,* that the Superintendent of Buildings of the Village of Westbury reasonably and properly exercised his duties and authority when he interpreted the Code of the Village of Westbury § 50-200, and, based upon his calculations, concluded that the plaintiffs were not required to obtain a variance for off-street parking since sufficient off-street parking was provided on the plaintiffs' parcel.

Ordered that the judgment is reversed, on the law, without costs or disbursements, and the matter is remitted to the Supreme Court, Nassau County, for further proceedings consistent herewith.

As indicated in this Court's decision in *Matter of Concerned*

*Citizens v Board of Appeals* (173 AD2d 615 [decided herewith]), this declaratory judgment action was commenced, at the direction of the Supreme Court, to determine whether the Superintendent of Buildings of the Village of Westbury, James A. Combs, acted reasonably in interpreting the phrase "gross floor area", which is contained in the Village of Westbury Code § 50-200. That provision requires a restaurant to maintain one parking space for each three seats in the restaurant or for each 75 square feet of gross floor area, whichever figure is greater. Combs' interpretation was adopted by the Zoning Board of Appeals of the Village of Westbury in granting the plaintiffs' application to expand their restaurant *(see, Matter of Concerned Citizens v Board of Appeals, supra)*. We agree with the Supreme Court, for reasons stated by it, that Combs' interpretation of Village of Westbury Code § 50-200 as it pertained to the plaintiffs' application for expansion was reasonable.

Subsequent to the Supreme Court's decision and to the filing of the briefs and record on this appeal, the Village of Westbury Code was amended by adding thereto a definition of the phrase "gross floor area" *(see,* Village of Westbury Code § 50-2, amended by Local Laws, 1990, No. 1, of Village of Westbury). Under this definition the number of off-street parking spaces required in order to permit the proposed expansion would surpass the figure previously arrived at by Combs, as well as the amount of off-street parking spaces available under the plaintiffs' expansion plan. Although this definition would be applicable on this appeal under the general rule that the law which exists at the time an appeal is decided is controlling *(see, Matter of Alscot Investing Corp. v Incorporated Vil. of Rockville Centre,* 64 NY2d 921, 922; *Matter of McDonald's Corp. v Village of Elmsford,* 156 AD2d 687, 688-689), we conclude, as we did in *Matter of Concerned Citizens v Board of Appeals (supra),* that "special facts" may exist which would indicate that the Village acted in bad faith in adding this definitional provision to the code which would preclude the application of the amendment on this appeal. Accordingly, we remit the matter to the Supreme Court, Nassau County, for a hearing, to be conducted with all deliberate speed, to be held in conjunction with the hearing ordered in *Matter of Concerned Citizens v Board of Appeals (supra),* at which time the circumstances surrounding the enactment of the amendment may be explored. Thompson, J. P., Brown, Harwood and Balletta, JJ., concur.