■ In the Matter of CONCERNED CITIZENS OF WESTBURY, Appellant, v BOARD OF APPEALS OF THE INCORPORATED VILLAGE OF WESTBURY et al., Respondents.—In a proceeding pursuant to CPLR article 78 to review a determination of the Board of Appeals of the Incorporated Village of Westbury, dated June 23, 1986, which granted the application of the respondents Scotto Bros. Restaurant, Westbury, Inc., and Scotto Bros. Enterprises to expand, the petitioner appeals from a judgment of the Supreme Court, Nassau County (Robbins, J.), dated August 28, 1989, which dismissed the petition on the merits.

Ordered that the judgment is reversed, on the law, without costs or disbursements, and the matter is remitted to the Supreme Court, Nassau County, for further proceedings consistent herewith.

The Scotto Bros. Restaurant, Westbury, Inc., and the Scotto Bros. Enterprises (hereinafter jointly referred to as Scotto Bros.) own and/or operate the Westbury Manor, which is located in a residentially-zoned area in the Incorporated Village of Westbury (hereinafter the Village). In May 1985 Scotto Bros. applied to the Board of Appeals of the Incorporated Village of Westbury (hereinafter the Board) for a variance and/or permission to expand the Westbury Manor. After the Nassau County Planning Commission was notified and SEQRA review was conducted, the original application by Scotto Bros. was replaced, in October 1985 by one which requested permission for an expansion that was smaller in size, but was still substantial. The later-proposed expansion entailed increasing the building from 20,000 square feet to 41,209 square feet in floor area, and increasing the restaurant seating capacity from 461 to 831 seats. Under the amended application, the restaurant would also increase its off-street parking sites to 384 spaces, which would include 129 spaces in a proposed underground parking facility.

After several public hearings and environmental impact studies, the Board approved the proposed expansion in June 1986. Shortly thereafter, the Concerned Citizens of Westbury (hereinafter the Concerned Citizens) commenced this CPLR article 78 proceeding challenging the Board's decision as being

arbitrary, capricious and not supported by substantial evidence. While this CPLR article 78 proceeding was pending in the Supreme Court, Nassau County, that court was informed by the Village Attorney that the Board's decision may have been based on an incorrect calculation of the number of off-street parking spaces required for use on the parcel, as expanded. The court, as a result, stated that it would hold the CPLR article 78 proceeding in abeyance pending the determination of that issue by way of a declaratory judgment action which it directed be commenced. The results of that action are the subject of another appeal, which is decided herewith (see, Scotto Bros. Rest. v Village of Westbury, 173 AD2d 600 [decided herewith]). Basically, the same Justice found that the decision regarding off-street parking requirements, upon which the Board had relied, was reasonable.

After further submissions, the Supreme Court dismissed the petition in this CPLR article 78 proceeding on the merits and held that the Board acted in a rational and reasonable manner in approving the application. The Concerned Citizens appeal from this judgment.

The contention of the appellant that, under the Village Zoning Ordinance, the Board had no authority to entertain the application of Scotto Bros. because it called for the expansion of a nonconforming use by more than 50% (see, Village of Westbury Code § 50-169 [A]) is without merit. The use to which the property in question is being put ceased to be nonconforming when the owners of that property were granted a series of special permits or variances, the most recent of which, issued in 1971, was permanent in nature (see, 1 Anderson, New York Zoning Law and Practice § 6.02, at 200 [3d ed]; 2 Anderson, New York Zoning Law and Practice § 23.02, at 159-160 [3d ed]). For this reason, also, the Board did not err in applying the "practical difficulty" test to the application of Scotto Bros., as opposed to the stricter test employed when one is seeking to use land in a manner which is proscribed by local zoning regulations (see, Human Dev. Servs. v Zoning Bd. of Appeals, 110 AD2d 135, 137-139, affd 67 NY2d 702).

The Concerned Citizens' contentions that the Board failed to comply with certain provisions of SEQRA and with General Municipal Law § 239-m (which requires that the county planning commission be notified before final action on an application, inter alia, for a variance is taken) were not raised during the course of the extensive administrative review process, and thus are not properly before this court on this appeal (see,

*Matter of Village of Harriman v Town Bd.,* 153 AD2d 633, 635).

The Concerned Citizens' further contention that the Board acted irrationally in adopting the Building Inspector's interpretation of the term "gross floor area" as it existed, undefined, in the Village of Westbury Code at the time the Board's decision was rendered *(see,* Village of Westbury Code § 50-200) is addressed in this court's decision in the declaratory judgment action *(see, Scotto Bros. Rest. v Village of Westbury,* 173 AD2d 600, *supra),* and thus will not be addressed here.

Notwithstanding the foregoing, we are constrained to reverse the judgment appealed from based upon subsequent actions taken by the Village. One month after the court rendered its decision in this proceeding, by virtue of which Scotto Bros. would finally have been permitted to go forward with the proposed expansion, the Board of Trustees of the Village amended the Village of Westbury Code § 50-191 (C) to prohibit underground parking facilities in residentially-zoned areas *(see,* Local Laws, 1989, No. 6 of Village of Westbury). Application of this amendment to this proceeding would effectively preclude the proposed expansion, for the off-street parking requirements could then no longer be met. Indeed, application of the amended zoning law would appear to be mandated because, as a general rule, "the law as it exists at the time [the] decision is rendered on appeal is controlling" *(Matter of Alscot Investing Corp. v Incorporated Vil. of Rockville Centre,* 64 NY2d 921, 922; *Matter of McDonald's Corp. v Village of Elmsford,* 156 AD2d 687, 688-689). A review of the record with which this court is presented, in light of information revealed at oral argument, leads us to believe, however, that there may exist "special facts" which would indicate that the municipality acted in bad faith in enacting Local Laws, 1989, No. 6, of the Village of Westbury. If such facts are established, then that amendment to the zoning code will not be applied on this appeal *(see, Matter of Triangle Inn v Lo Grande,* 124 AD2d 737, 739). Since we are unable, on this record, to conclusively determine whether the Village acted in bad faith in enacting the underground parking prohibition amendment, we remit the matter to the Supreme Court, Nassau County, for a hearing, to be conducted with all deliberate speed, at which the circumstances surrounding the enactment of the amendment may be explored *(see, Matter of Triangle Inn v Lo Grande, supra).*

We have considered the parties' remaining contentions and

find them to be without merit. Thompson, J. P., Brown, Harwood and Balletta, JJ., concur.