■ In the Matter of FRANCIS E. BORER, Appellant, v KEN VINEBERG et al., Constituting the Board of Zoning Appeals of the City of Ithaca, Respondents. [623 NYS2d 378] —Cardona, P. J. Appeal from a judgment of the Supreme Court (Relihan, Jr., J.), entered May 11, 1994 in Tompkins County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to review a determination of the Board of Zoning Appeals of the City of Ithaca requiring that an additional variance be obtained to expand petitioner's business.

Petitioner is the owner of a gasoline service station located on North Cayuga Street in the City of Ithaca, Tompkins County. A gas station has been in continuous operation at that location since 1926, one year after the City adopted its first zoning ordinance. In that year the first owner, Standard Oil Company of New York (hereinafter SOCONY), obtained a permit from the City Board of Zoning Appeals (hereinafter the Board) to build a gas filling station at 920 North Cayuga Street in what was then, and is now, a residential district. In 1950, the City passed a second zoning ordinance providing that no business, trade or industry could be carried on in an A-Residence district; however, the ordinance did permit the continuation of existing nonconforming uses subject to certain conditions which included, among others, that no nonconforming use could be extended in area or intensity.

In 1957 SOCONY applied for and obtained a variance permitting it to demolish the residence on the adjoining southside lot of the gas station, change the use of the land for lot Nos. 916, 918 and 920 to allow a gas station, and remodel and relocate the gas station further back from the street. The gas station was operated in this expanded form by a single tenant, Tony Sherman, from approximately 1957 to 1981. Sherman offered both gasoline and automobile repair service. In 1981 the gas station was purchased by a partnership, JFJ Enterprises, which included petitioner (petitioner became sole owner in 1988). In 1982 the gas station was converted from a full-service station to a self-service station and a separately run automotive repair service.

In November 1991 Joseph Rosenblum, a neighboring property owner, sought an interpretation from the Board that the

gas station was being operated in a manner which exceeded the scope of the original 1957 variance and was, therefore, in violation of the City's 1977 zoning ordinance.[1] The Board rendered a decision on July 22, 1992 in which it concluded, *inter alia,* that the 1957 variance was an unconditional use variance, that the gas station was a legal nonconforming use and that most of the contested operations were consistent with the unconditional variance. Rosenblum sought judicial review of the Board's determination. In a decision dated March 24, 1993, Supreme Court agreed that the gas station was a legal nonconforming use under the 1950 ordinance, but because the plot plan and other essential Board records in connection with the 1957 expansion application were missing,[2] found it impossible to discern what, if any, conditions were placed by the Board when it granted the 1957 variance. Ruling that the use of the station from 1957 to 1981 was the best available evidence of the scope of the 1957 variance, and that the Board should look to the actual operation of the station by the previous owner from 1957 to 1981, the court remanded four issues for further factual determination: (1) whether the auto service was consistent with the variance, (2) the scope of the nonconforming use of the property, (3) operation of the commercial retail facility, and (4) sale of lottery tickets.

After conducting a hearing, the Board rendered a decision which concluded that the sale of grocery items and lottery tickets was an enlargement of use that required a variance, that the current hours of operation of the station constituted an extension of use requiring a variance, and that the current use of the auto service facility was consistent with its use during 1957 to 1981 and, therefore, did not constitute an enlargement of use. Petitioner commenced the instant CPLR article 78 proceeding to review the Board's determination. Supreme Court upheld the Board's determination. Petitioner appeals.

The dispositive issue is whether the restrictions applicable to nonconforming uses under the City's 1977 zoning ordinance are also applicable to petitioner's use created under the 1957 variance. "When a variance is granted, the use permitted becomes a conforming use. The effect of a variance is to give a landowner a license or permit to use his property in a manner

---

1. The 1977 Zoning ordinance also continues legal nonconforming uses but provides that a nonconforming use may not be extended or enlarged except by means of a variance.

2. The original plot plan is no longer in existence.

otherwise violative of the zoning ordinance" (3 Rathkopf, Zoning and Planning § 38.07, at 38-80 [4th ed]). Although a gas station is not a permitted use in a residential district under the City's 1950 or 1977 zoning ordinances, petitioner's gas station ceased to be a nonconforming use in that district by virtue of the 1957 variance (see, e.g., *Matter of Concerned Citizens of Westbury v Board of Appeals*, 173 AD2d 615). Accordingly, it is not subject to the restrictions applicable to nonconforming uses under the 1977 ordinance (see, *Matter of Angel Plants v Schoenfeld*, 154 AD2d 459; 2 Anderson, New York Zoning Law and Practice § 23.03 [1994 Supp], at 41 [3d ed]). Instead, petitioner's use of the gas station is limited only by the terms of the 1957 variance, which, based upon our review, cannot be reasonably discerned. The Board's determination that the original variance contained a condition limiting the station's operating hours is unsupported and must be annulled (see, *Matter of Fuhst v Foley*, 45 NY2d 441, 444-445).

Furthermore, the increased operating hours of the gas station did not constitute a change in the property's use but only an expansion of the use permitted by the variance (see, *Incorporated Vil. of Williston Park v 280 Hillside Ave. Rest. Corp.*, 55 AD2d 927, *lv dismissed in part* 41 NY2d 802). The Board cannot prohibit the expansion of a conforming use authorized by a variance (see, *Matter of Angel Plants v Schoenfeld, supra*).[3] However, the 1957 variance limits the use of petitioner's property to a specific use (see, *Abbey Is. Park v Board of Zoning Appeals*, 133 AD2d 150), i.e., operation of a gas station. Therefore, any change to a different commercial use in the residential district requires a new variance (see, *Matter of Baker v Board of Zoning Appeals*, 67 AD2d 1071). By selling grocery-type items and lottery tickets, petitioner changed the use of his property from that of a pure gas station to include a convenience store use. Because petitioner did not obtain a variance for such a change, the Board properly restricted the use to that permitted by the 1957 variance.

Mercure, White, Casey and Peters, JJ., concur. Ordered that the judgment is modified, on the law, without costs, by reversing so much thereof as dismissed the petition regarding the determination of the Board of Zoning Appeals of the City of

---

3. This is not to say that the City cannot, consistent with its police power, enact an ordinance regulating the operating hours of gas stations if reasonably necessary to promote a public interest (see, *Goldblatt v Town of Hempstead*, 369 US 590, 594-595).

Ithaca which found a condition limiting the hours of operation for petitioner's business; determination annulled to that extent and petition partially granted; and, as so modified, affirmed.