■ In the Matter of JAMES KOGEL et al., Appellants, v ZONING BOARD OF APPEALS OF TOWN OF HUNTINGTON et al., Respondents. [871 NYS2d 638]—

In a hybrid proceeding pursuant to CPLR article 78, inter alia, to review a determination of the Zoning Board of Appeals of Town of Huntington dated September 20, 2006, which, after a hearing, among other things, granted the application of Tino's Enterprises, Inc., for a parking variance and issued a negative declaration pursuant to the State Environmental Quality Review Act (ECL art 8), and action for a judgment declaring that the determination dated September 20, 2006 is null and

void, the petitioners-plaintiffs appeal from an order and judgment (one paper) of the Supreme Court, Suffolk County (Whelan, J.), dated December 13, 2007, which granted the motion of the Zoning Board of Appeals of Town of Huntington and Town of Huntington, in effect, for summary judgment declaring that the determination dated September 20, 2006 is valid, denied the petition, and dismissed the hybrid proceeding and action.

Ordered that the order and judgment is reversed, on the law, without costs or disbursements, the motion, in effect, for summary judgment declaring that the determination dated September 20, 2006 is valid is denied, the petition is granted, the determination is annulled, and the cause of action for a judgment declaring that the determination is null and void is dismissed as unnecessary.

Since 1982 Tino's Enterprises, Inc. (hereinafter Tino's) has operated a motel on property it owns in the Town of Huntington. The use of the motel was permitted by the Town's zoning regulations at the time it was constructed, but by 1982, the use became nonconforming. In 1983, after the Zoning Board of Appeals of Town of Huntington (hereinafter the ZBA) denied Tino's 1982 application for a use variance that would allow it to add 20 units to the then 31-unit motel, the ZBA granted Tino's new application for a "Use Variance to erect an addition to [the] existing motel including 15 units," finding that "the addition of 15 new units . . . will not alter the essential character of the within neighborhood."

In 2003 Tino's applied to the ZBA seeking, inter alia, a determination that it was permitted to expand the motel from 46 units to 71 units without obtaining a new use variance on the ground that the 1983 determination converted the previously nonconforming motel use into a permitted use. The ZBA denied that branch of the application, finding, inter alia, that the 1983 use variance was limited to the addition of 15 rooms.

In 2004 Tino's made a new application to the ZBA for the variances, including a parking variance, necessary to allow it to, inter alia, increase the number of motel units on the property from 46 to 61. Tino's again argued that a use variance was not required to add the new motel units. After declaring itself the lead agency pursuant to the State Environmental Quality Review Act (ECL art 8) (hereinafter SEQRA), classifying the proposed action as a Type I action, and causing the preparation of a full environmental assessment form (hereinafter the EAF), the ZBA determined on September 20, 2006 that Tino's was not required to obtain a use variance for the proposed expansion,

granted Tino's application for a parking variance, and issued a negative declaration pursuant to SEQRA. This hybrid proceeding and action was then commenced, inter alia, to review the ZBA's determination dated September 20, 2006 (hereinafter the 2006 determination), and for a judgment declaring that the 2006 determination is null and void. The Supreme Court granted the motion of the ZBA and the Town, in effect, for summary judgment declaring that the 2006 determination is valid, denied the petition, and dismissed the hybrid proceeding and action. We reverse.

The ZBA's 2003 determination that Tino's was required to obtain a use variance to add new motel units should have been given preclusive effect pursuant to the doctrine of collateral estoppel (*see Ryan v New York Tel. Co.*, 62 NY2d 494, 499-501 [1984]; *Matter of Palm Mgt. Corp. v Goldstein*, 29 AD3d 801, 803-804 [2006]; *Matter of Timm v Van Buskirk*, 17 AD3d 686 [2005]; *Matter of Waylonis v Baum*, 281 AD2d 636, 638 [2001]). Moreover, although the grant of an unconditional use variance renders a nonconforming use conforming, such that a further use variance is not required to expand the use (*see Matter of Angel Plants v Schoenfeld*, 154 AD2d 459, 460-461 [1989]), the use variance granted to Tino's in 1983 was clearly limited to the addition of 15 rooms (*see Matter of Borer v Vineberg*, 213 AD2d 828, 829 [1995]). Thus, even if it were not barred by the doctrine of collateral estoppel, the 2006 determination that a use variance was not required for the proposed expansion was irrational and contrary to law (*see Matter of Pecoraro v Board of Appeals of Town of Hempstead*, 2 NY3d 608, 613 [2004]).

The ZBA also failed to make a "reasoned elaboration" of the basis for its negative declaration and to demonstrate that it took the requisite "hard look" at the relevant areas of environmental concern (*Matter of Jackson v New York State Urban Dev. Corp.*, 67 NY2d 400, 417 [1986]). The ZBA classified the proposed action as a Type I action, meaning that it "carries with it the presumption that it is likely to have a significant adverse impact on the environment" (6 NYCRR 617.4 [a] [1]). Further, the EAF prepared by Town staff identified several potential environmental impacts to the freshwater pond located on the property and noted that the proposal conflicted with the 1993 update to the Town's Comprehensive Plan, which provided that no further commercial development should be permitted within the area in which the property is located (*see* 6 NYCRR 617.7 [c] [1] [iv]). Nevertheless, the ZBA issued a negative declaration pursuant to SEQRA, thus concluding that the proposed action would not have a significant effect on the environment,

without providing any elucidation of its reasoning (*see Matter of Farrington Close Condominium Bd. of Mgrs. v Incorporated Vil. of Southampton,* 205 AD2d 623, 625 [1994]). Accordingly, the Supreme Court should have denied the motion of the ZBA and the Town, in effect, for summary judgment declaring that the 2006 determination is valid, granted the petition, and annulled the 2006 determination. In light of the foregoing, the cause of action for a judgment declaring that the 2006 determination is null and void should have been dismissed as unnecessary. Santucci, J.P., Covello, Balkin and Belen, JJ., concur.