■ In the Matter of SCARSDALE SHOPPING CENTER ASSOCIATES, LLC, Respondent, v BOARD OF APPEALS ON ZONING FOR THE CITY OF NEW ROCHELLE, Appellant. [882 NYS2d 308]—

In a proceeding pursuant to CPLR article 78 to review a determination of the Board of Appeals on Zoning for the City of New Rochelle dated May 22, 2007, which, after a hearing, af-

firmed the denial, by the Building Official of the City of New Rochelle, of the petitioner's application for a building permit, the appeal is from a judgment of the Supreme Court, Westchester County (Nicolai, J.), entered February 1, 2008, which granted the petition, annulled the determination, and remitted the matter to the Board of Appeals on Zoning for the City of Rochelle "with the direction that petitioner's proposed building is subject to Planning Board site plan review and approval without the necessity of an additional use variance."

Ordered that the judgment is modified, on the law, by deleting the provision thereof remitting the matter to the Board of Appeals on Zoning for the City of Rochelle "with the direction that petitioner's proposed building is subject to Planning Board site plan review and approval without the necessity of an additional use variance" and substituting therefor a provision remitting the matter to the Board of Appeals on Zoning for the City of Rochelle for remittal, in turn, to the Building Official for the City of New Rochelle for further proceedings consistent herewith; as so modified, the judgment is affirmed, without costs or disbursements.

In this proceeding pursuant to CPLR article 78, the petitioner, Scarsdale Shopping Center Associates, LLC, challenges the determination of the Board of Appeals on Zoning of the City of New Rochelle (hereinafter the Board of Appeals) affirming the determination of the Building Official of the City of New Rochelle (hereinafter the Building Official) that the petitioner is required to obtain a use variance for the further expansion of its shopping center. The Supreme Court granted the petition, annulled the Board of Appeals' determination, and remitted the matter to the Board of Appeals "with the direction that petitioner's proposed building is subject to Planning Board site plan review and approval without the necessity of an additional use variance." We agree that no additional use variance is required. We do not agree, however, that the petitioner established that its application otherwise complied with the applicable zoning restrictions and may therefore proceed directly to the site plan review phase.

The petitioner owns an 8.29-acre shopping center in the City of New Rochelle, on its border with the Village of Scarsdale. The original building in the shopping center was constructed in 1956, after the Supreme Court determined that the property owner had a vested right to build under the zoning code provisions applicable to the NR-2 neighborhood retail zoning district in which the subject property was situated prior to 1956, despite the improper action of the New Rochelle City Council in

prohibiting the granting of any approvals for the property and then rezoning it as part of a residential district (*see Matter of Miller v Dassler,* 155 NYS2d 975 [Sup Ct, Westchester County 1956]). The property owner was permitted to complete the construction that had been commenced prior to the City Council's action and, later that year, the Board of Appeals granted a use variance to permit the construction of additional retail space. In the ensuing years, the petitioner was permitted to expand the shopping center on several occasions, to its current 28 stores, without any additional use variances.

In December 2006 the Building Official denied the petitioner's application for a building permit for the construction of a 14,243-square-foot addition to the shopping center on the ground that the 1956 variance did not permit such construction. The petitioner sought review of the denial before the Board of Appeals. After a public hearing, the Board of Appeals affirmed the denial, finding that the 1956 use variance was limited to the construction of one 10-store building and, thus, that another use variance was required for the proposed expansion.

Initially, the Supreme Court correctly determined that this matter was ripe for judicial review and that the petitioner exhausted its available administrative remedies by appealing to the Board of Appeals (*see Matter of Ward v Bennett,* 79 NY2d 394 [1992]; *cf. Matter of Brunjes v Nocella,* 40 AD3d 1088 [2007]; *Waterways Dev. Corp. v Lavalle,* 28 AD3d 539 [2006]).

With respect to the merits of the petition, a use for which a use variance has been granted is a conforming use and, as a result, no further use variance is required for its expansion, unlike a use that is permitted to continue only by virtue of its prior lawful, nonconforming status (*see Matter of Angel Plants v Schoenfeld,* 154 AD2d 459, 461 [1989]). Thus, to the extent that the Board of Appeals determined that a use variance was required, its determination was irrational and contrary to law, and was properly annulled by the Supreme Court (*see Matter of Brancato v Zoning Bd. of Appeals of City of Yonkers, N.Y.,* 30 AD3d 515 [2006]).

The fact that the property may be used for commercial purposes, however, does not leave the development of the property unrestrained. The use of the property remains subject to the terms of the use variance (*see Matter of Borer v Vineberg,* 213 AD2d 828, 829 [1995]) and, where the Board of Appeals has previously determined that the development is limited only to a certain extent by the terms of the variance, the Board of Appeals is not free to later disregard that determination (*see Matter of Kogel v Zoning Bd. of Appeals of Town of Huntington,* 58 AD3d 630, 632 [2009]).

Here, the resolution granting the use variance was destroyed in a fire and, as a result, the terms of the variance must be gleaned from the available extrinsic evidence (*see Matter of Borer v Vineberg*, 213 AD2d at 829). That evidence is equivocal. The original card maintained by the Bureau of Buildings of the City of Rochelle with respect to the property reflects that the Board of Appeals "granted permission to erect an addition . . . as per plans submitted." This language can be read as reflecting the Board of Appeals' determination to limit the variance to the construction that was then proposed. To do so, however, would be inconsistent with the more compelling evidence derived from the conduct of the responsible municipal officials more proximate in time to the granting of the variance. That conduct included a course of approvals for additions to the shopping center over many years, none of which required a use variance, and many of which were explicitly referred to as being pursuant to the 1956 use variance. On this record, therefore, the only reasonable view of the 1956 use variance is that it permitted the retail use of the property, but did not limit that use to the 10 stores referred to on the building card. The Board of Appeals acted arbitrarily, therefore, in concluding that the variance granted in the 1956 use variance was so limited.

That the variance is not so limited, however, does not mean that there can be no constraints on the commercial development of the property. It is undisputed in the record that the 1956 application sought approval for the use of the property in accordance with the regulations applicable to the NR-2 neighborhood retail zoning district that had been in effect prior to the City Council's action. It would not be unreasonable, therefore, to conclude that the extent of the 1956 variance is defined by those regulations. Thus, while a use variance is not necessary, an area variance may be required, in addition to the site plan approval to which the Supreme Court referred, if the proposed expansion of the shopping center exceeds the applicable dimensional constraints (*see Matter of Concerned Citizens of Westbury v Board of Appeals of Inc. Vil. of Westbury*, 173 AD2d 615, 616 [1991]; *Matter of Angel Plants v Schoenfeld*, 154 AD2d at 461). " '[T]he power to interpret the zoning ordinance is vested in the building inspector and the Zoning Board of Appeals' " (*Figgie Intl. v Town of Huntington*, 203 AD2d 416, 417-418 [1994], quoting *Moriarty v Planning Bd. of Vil. of Sloatsburg*, 119 AD2d 188, 197 [1986]). Since the Building Official concluded that a use variance was required, and the Board of Appeals sustained that determination, the Building Official did not reach the issue of whether an area variance may be required. Since the record does not conclusively demonstrate that no such

area variance is required, the matter must be remitted to the Board of Appeals, for remittal, in turn, to the Building Official for consideration of that issue and a determination thereafter. Rivera, J.P., Spolzino, Angiolillo and Balkin, JJ., concur.