■ Stephen A. Pilatich, Appellant, v Town of New Baltimore et al., Respondents. [20 NYS3d 695]—

Devine, J. Appeal from an order of the Supreme Court (Elliott III, J.), entered November 18, 2014 in Greene County, which granted defendants' motions for summary judgment dismissing the complaint.

As we have previously detailed (100 AD3d 1248 [2012]), plaintiff owns and operates a farm on Jennings Road in the Town of New Baltimore, Greene County. Defendants William M. Hamilton and Donna R. Hamilton own property across the road, and they installed a stone wall and several iron pipes near the edge of the road. Plaintiff commenced this action in 2010 and subsequently served an amended complaint asserting claims of private nuisance against all defendants and a claim of trespass against defendants Town of New Baltimore and its highway superintendent, defendant Denis Jordan (hereinafter collectively referred to as the town defendants). Supreme Court granted a pre-answer motion for summary judgment by the Hamiltons, an order that we reversed (100 AD3d at 1248-1250). Following joinder of issue and discovery, the Hamiltons and the town defendants separately moved for summary judgment dismissing the complaint. Supreme Court granted both motions, and plaintiff now appeals.

We reverse. Plaintiff asserts that defendants' actions have created a private nuisance by making it difficult for large vehicles to access his driveway and preventing drivers from safely entering or leaving it. Specifically, he claims that the Hamiltons installed a stone wall and metal posts near the road, and that the town defendants' efforts to work around those obstructions in repaving and maintaining the road caused the road to drift closer to plaintiff's property. The Hamiltons do not dispute that they installed the metal pipes in an effort to divert traffic away from their land, with Donna Hamilton acknowledging that the installation was related to large vehicles entering and exiting plaintiff's driveway. Jordan acknowledged that the stone wall and metal posts are within the right-of-way for the road, and a survey map in the record shows that the centerline of the road has shifted closer to plaintiff's property over time. Plaintiff averred that these changes have made it difficult for large trucks to use his driveway—annexing the letters of various individuals to corroborate that this problem is of recent vintage—and that the transportation difficulties had added to his farming expenses by requiring multiple trips for hay deliveries. He further submitted the affidavit of an engineer who opined that the movement of the road had created a safety issue for vehicles attempting to exit his driveway, one that implicates "the public's right to safely travel the highway" and may well require corrective action (*Dutcher v Town of Shandaken*, 23 AD3d 781, 783 [2005]; *see* Highway Law § 189; *Walker v Caywood*, 31 NY 51, 59 [1865]). Plaintiff has asked both the Hamiltons and the town defendants to remedy this situation

and, instead of making any effort to do so, they have demanded that plaintiff make changes on his own property to correct the problem.

With that proof in mind, a private nuisance claim does not require an actual intrusion upon property by the tortfeasor and may be "established by proof of intentional action or inaction that substantially and unreasonably interferes with other people's use and enjoyment of their property" (*Nemeth v K-Tooling*, 100 AD3d 1271, 1272 [2012]; *see Copart Indus. v Consolidated Edison Co. of N.Y.*, 41 NY2d 564, 570 [1977]; *Schillaci v Sarris*, 122 AD3d 1085, 1087 [2014]). "The issue of whether a use constitutes a private nuisance ordinarily turns on questions of fact" and, in light of the above evidence, which reveals material questions of fact, we find that defendants have not made out a prima facie case for summary judgment (*Murray v Young*, 97 AD2d 958, 958 [1983]; *see Futerfas v Shultis*, 209 AD2d 761, 763 [1994]). The evidence, in any event, reveals material questions of fact as to whether defendants "knew or should have known that [they were substantially and unreasonably] interfering with plaintiff's interest in the use and enjoyment of plaintiff's property" (*Rashford v Randazzo*, 38 AD3d 1261, 1262 [2007]; *see Schaefer v Dehauski*, 50 AD3d 1502, 1503 [2008]; *see also Doin v Champlain Bluffs Dev. Corp.*, 68 AD3d 1605, 1611-1612 [2009], *lv dismissed* 14 NY3d 832 [2010]).

Plaintiff asserted additional claims for trespass and private nuisance against the town defendants, which are premised upon the legal principle that "[a] municipality may not 'collect the surface water from its lands and streets into an artificial channel, and discharge it upon the lands of another'" (*Higgins v Village of Orchard Park*, 277 AD2d 989, 990 [2000], quoting *Noonan v City of Albany*, 79 NY 470, 476 [1880]). The town defendants denied having any intent to divert water or debris by digging a ditch on the side of the road, but plaintiff averred that they used inappropriate construction materials that they knew would cause the diversion. Jordan acknowledged that debris has repeatedly flowed out of the ditch, but he has nonetheless continued to use the same construction material. Despite the various contentions of the town defendants, it is apparent that questions of fact prevent an award of summary judgment on these claims (*see Dellaportas v County of Putnam*, 240 AD2d 358, 359 [1997]; *see also Higgins v Village of Orchard Park*, 277 AD2d at 990-991).

Lahtinen, J.P., Egan Jr. and Lynch, JJ., concur. Ordered that the order is reversed, on the law, with costs, and motions denied.