DelVecchio v Collins (2019 NY Slip Op 09344)





DelVecchio v Collins


2019 NY Slip Op 09344


Decided on December 26, 2019


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: December 26, 2019

528281

[*1]Lee DelVecchio, Respondent,
v
Jeffrey M. Collins, Appellant.

Calendar Date: November 20, 2019

Before: Clark, J.P., Mulvey, Devine and Pritzker, JJ.


Maynard, O'Connor, Smith & Catalinotto, LLP, Albany (Justin W. Gray of counsel), for appellant.
Philip A. Wellner, Hillsdale, for respondent.



Pritzker, J.
Appeal from an order of the Supreme Court (Cahill, J.), entered May 31, 2018 in Ulster County, which denied defendant's motion for summary judgment dismissing the complaint.
Plaintiff and defendant are neighboring landowners in the Town of Shandaken, Ulster County. In 2000, plaintiff commenced construction on his home, which was completed in 2003. Meanwhile, in 2001, defendant was granted site plan approval and issued a use variance to operate a stone and landscaping supply business — the Jeff Collins Stone & Landscaping Supply (hereinafter Collins Stone) — on his approximately three-acre property, which he continues to operate. Plaintiff alleges that in 2005, defendant expanded the operations of Collins Stone, which caused excessive dust and noise that has impacted his use and enjoyment of his property. In 2015, plaintiff commenced this action alleging two causes of action. The first alleges private nuisance, seeking damages, a permanent injunction and punitive damages. The second cause of action alleges a violation of the Zoning Law of the Town of Shandaken based upon defendant's alleged expansion of Collins Stone beyond the area permitted by the use variance. Following joinder of issue, defendant moved for summary judgment dismissing the complaint.[FN1] Ultimately, Supreme Court denied the motion in its entirety. Defendant appeals.
Turning to the first cause of action, "[a] private nuisance claim may be established by proof of intentional action or inaction that substantially and unreasonably interferes with other people's use and enjoyment of [their] property" (Pilatich v Town of New Baltimore, 170 AD3d 1463, 1464 [2019] [internal quotation marks and citations omitted]; accord Schillaci v Sarris, 122 AD3d 1085, 1087 [2014]). Although nuisance is often discussed in terms of intentional conduct, "such a claim [is] actionable upon proof that [the] defendant's invasion was either intentional, negligent or reckless, or otherwise involved abnormally dangerous activities" (517 Union St. Assoc. LLC v Town Homes of Union Sq. LLC, 156 AD3d 1187, 1191 [2017]).
Defendant contends that Supreme Court erred in failing to dismiss the first cause of action because it does not state a cause of action for private nuisance. In the complaint, plaintiff alleges that defendant intentionally expanded the operations of Collins Stone, which has resulted in an increase in the amount of dust and noise created by the operation. Plaintiff also alleges that this has impacted his use and enjoyment of his property because he must keep his windows closed at all times to reduce the amount of noise and dust that enters his home. He alleges that it has also limited the amount of time that he can spend outside. As a result of these operations, plaintiff alleges that his property value has been substantially decreased and he has increased property maintenance costs. Accepting as true the foregoing allegations, and according plaintiff all reasonable inferences, the factual allegations made by plaintiff state a cause of action for private nuisance (see City of Albany v Normanskill Cr., LLC, 165 AD3d 1437, 1439 [2018]). Nor are we persuaded that the first cause of action should be dismissed because, even if the allegations are taken as true, the conduct amounts to a public rather than a private nuisance. Although plaintiff alleges that the properties in a one-mile radius of Collins Stone are impacted by the dust and noise, this does not create a claim for public nuisance, because this does not impact a considerable number of persons (see City of New York v Smokes-Spirits.Com, Inc., 12 NY3d 616, 626-627 [2009]; Haire v Bonelli, 57 AD3d 1354, 1358 [2008]). Therefore, plaintiff properly pleaded a claim for private nuisance.
Defendant also asserts that, even if the cause of action for private nuisance is properly pleaded, said claim should have been dismissed because his operation of Collins Stone does not constitute a private nuisance as a matter of law. In general, "[t]he issue of whether a use constitutes a private nuisance ordinarily turns on questions of fact" (Pilatich v Town of New Baltimore, 133 AD3d 1143, 1145 [2015] [internal quotation marks and citation omitted]). "The elements of a private nuisance cause of action are an interference (1) substantial in nature, (2) intentional in origin, (3) unreasonable in character, (4) with a person's property right to use and enjoy land, (5) caused by another's conduct in acting or failure to act" (Broxmeyer v United Capital Corp., 79 AD3d 780, 782 [2010] [internal quotation marks and citations omitted]). "Except for the issue of whether the plaintiff has the requisite property interest, each of the other elements is a question for the jury, unless the evidence is undisputed" (id. at 782-783 [internal quotation marks, brackets and citation omitted]). Here, defendant's evidentiary submissions failed to demonstrate prima facie entitlement to summary judgment. Specifically, defendant's proof reveals that Collins Stone receives as many as 75 deliveries and pick-ups per month, which defendant admits creates noise and dust. Defendant also admitted that he ran a stone cutter two to three times a week and that he needed to wear ear protection while running it. The proof also establishes that defendant has attempted to remedy this in various ways, although he admits that it is impossible to eliminate the dust and noise completely. Thus, at the very least, defendant's actions creating the noise and dust may have been negligent as he either knew or should have known that his operations could impact neighboring landowners. Accordingly, there is a material question of fact as to whether defendant knew or should have known that these deliveries could unreasonably interfere with plaintiff's use and enjoyment of his property, and, therefore, Supreme Court did not err in denying the motion for summary judgment dismissing this cause of action (see Pilatich v Town of New Baltimore, 133 AD3d at 1145; Schillaci v Sarris, 122 AD3d at 1088).
Defendant next contends that Supreme Court erred in failing to dismiss plaintiff's claim for punitive damages relative to the first cause of action. We agree. Punitive damages are limited to exceptional cases where the defendant has displayed malice and, therefore, "an unmotivated, unintentional or even accidental result of a legally intentional act cannot alone qualify" (Marinaccio v Town of Clarence, 20 NY3d 506, 511, 512 [2013]; see Levitt v Vining, 161 AD3d 1289, 1289 [2018]). In his complaint, plaintiff alleges that defendant has intentionally expanded his operations of Collins Stone and that this deliberate action entitles him to punitive damages. However, plaintiff did not allege that defendant acted with malice in creating the nuisance. Therefore, at most, plaintiff demonstrated that defendant's intentional acts have created an accidental result, which is legally insufficient to award punitive damages (see Marinaccio v Town of Clarence, 20 NY3d at 512; Levitt v Vining, 161 AD3d at 1290).
We turn now to defendant's contention relative to the second cause of action. Specifically, defendant argues that Supreme Court erred in denying his motion for summary judgment because he has not violated any zoning laws. "Although municipal officials indeed are tasked with enforcing zoning ordinances within their boundaries, this does not prevent private property owners who suffer special damages from maintaining an action seeking to enjoin the continuance of the violation and obtain damages to vindicate their discrete, separate identifiable interests" (Town of N. Elba v Grimditch, 131 AD3d 150, 155 [2015] [internal quotation marks, ellipsis, brackets and citations omitted], lvs denied 26 NY3d 903 [2015]). Inasmuch as plaintiff specifically claims that defendant has exceeded the scope of the use variance for his property, it is important to note that "the expansion of a conforming use authorized by a variance" may not be prohibited, yet, the use must abide by the terms of the variance (Matter of Borer v Vineberg, 213 AD2d 828, 830 [1995]; see Matter of Scarsdale Shopping Ctr. Assoc., LLC v Board of Appeals on Zoning for City of New Rochelle, 64 AD3d 604, 606 [2009]). Defendant, in support of his motion for summary judgment, submitted documentation in connection with the granting of the use variance, including the applicable resolutions from the Town of Shandaken Planning Board and the Town of Shandaken Zoning Board of Appeals. These resolutions reveal that the variance was issued without restriction as to the size of the business, although the business must comply with the plot plan submitted to the Planning Board, which does not clearly illustrate the size of defendant's operation. Therefore, there is a material question of fact as to whether the plot plan created a size restriction as to defendant's business and, as such, Supreme Court properly denied defendant's motion for summary judgment (see Vitiello v City of Yonkers, 270 AD2d 253, 254 [2000]; see generally Andrew R. Mancini Assoc., Inc. v Murphy Excavating Corp., 172 AD3d 1664, 1666 [2019]). We have reviewed petitioner's remaining contentions and find them to be without merit.
Clark, J.P., Mulvey and Devine, JJ., concur.
ORDERED that the order is modified, on the law, without costs, by reversing so much thereof as denied that part of defendant's motion seeking dismissal of the claim for punitive damages in the first cause of action; motion granted to said extent and said claim dismissed; and, as so modified, affirmed.



Footnotes

Footnote 1: "Because defendant filed an answer, the subsequent motion 'was a CPLR 3212 motion for summary judgment that was based [in part] upon the CPLR 3211 (a) grounds asserted in [the] answer'" (Flowers v State of New York, 175 AD3d 1724, 1725 n 2 [2019], quoting Jones v State of New York, 171 AD3d 1362, 1362 n 1 [2019], appeal dismissed 33 NY3d 1056 [2019]).